WINFREE v. WINFREE et al. (No. 119.)

(Court of Civil Appeals of Texas. Beaumont. May 12, 1917. Rehearing Denied May 23, 1917.)

1. JUDGMENT ⟨Key⟩352—VACATION—ATTORNEY'S LACK OF AUTHORITY.

Where the attorney purporting to act for a party in arranging a compromise judgment was not in fact the attorney for such person, and the person for whom he purported to act was never served with citation, and never appeared, the judgment against the party whom the attorney purported to represent will be set aside, irrespective of fraud.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 689.]

2. APPEAL AND ERROR ⟨Key⟩1050(1)—HARMLESS ERROR—EVIDENCE.

Where defendant was not seeking to maintain the judgment attacked by plaintiff as against his codefendant alone, but asked, if the judgment was set aside as to plaintiff, that the merits of his (defendant's) original cause of action be adjudicated, the judgment against plaintiff having been set aside, the admission of testimony that an attorney had no authority to act as attorney for the codefendant in agreeing to the judgment, without having alleged fraud on the part of the attorney or some one else, was error harmless to defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153, 4157.]

3. JUDGMENT ⟨Key⟩394—SUPPORT BY PLEADINGS.

In suit to vacate a judgment vesting title to land in defendant, where defendant nowhere in his pleadings sought recovery against his codefendant alone on the judgment attacked by plaintiff, but sought only to recover a number of acres as damages in the event the judgment should be set aside as against plaintiff, and plaintiff was entitled to have the judgment set aside, the court could not have rendered judgment for defendant for a 32-acre tract awarded to him by the judgment set aside as to plaintiff.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 756.]

4. JUDGMENT ⟨Key⟩393—VACATION—EVIDENCE.

In suit to set aside a compromise judgment awarding defendant 32 acres of a tract of land purchased by his father and mother with community funds and conveyed by the father to defendant during the pendency of divorce proceedings between the father and mother to settle the property, where the testimony established a parol trust to reconvey on the 50 acres conveyed by the deed from the father to defendant, testimony of plaintiff, defendant's brother, the mother, another brother of defendant, etc., which sought to engraft a parol trust on the deed made to defendant by his father, was admissible to show that an express trust was created at the time of the conveyance to defendant as trustee for himself and others; the trust being that each of the parties who acquired their respective interest in the land should do so for the benefit of the mother.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 763.]

5. DEEDS ⟨Key⟩15 — CONSIDERATION — CONVEYANCE TO OWNER OF BENEFICIAL INTEREST.

Where defendant induced a settlement between his father and mother, a divorce suit pending between them, they contesting the title of the property, whereby the father conveyed community land to defendant under parol trust to reconvey, the beneficial title to the land being in the mother, no consideration was necessary to sustain a deed from defendant to his mother.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 23.]

6. DEEDS ⟨Key⟩17(1)—CONSIDERATION.

There was sufficient consideration, if consideration was necessary, in the agreement between all the parties, including the other children, which resulted in the making of the trust deed to defendant, whereby legal title to the property was vested in him to keep his parents

out of court, or to effect a settlement between them.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 31, 32.]

Appeal from District Court, Chambers County; J. Llewellyn, Judge.

Suit by Otis K. Winfree against E. W. Winfree and Mrs. M. C. Winfree. From a judgment for plaintiff, defendant E. W. Winfree appeals. Affirmed.

E. B. Pickett, Jr., of Liberty, for appellant. B. F. Louis, of Houston, for appellees.

BROOKE, J. This suit was filed May 21, 1914, in the district court of Chambers county, by Otis K. Winfree, one of the appellees herein, against the appellant, E. W. Winfree, and the appellee, Mrs. Mary C. Winfree, the object of the suit being to set aside a judgment rendered by that same court on March 13, 1912, in favor of appellant herein, E. W. Winfree, as plaintiff, against Mrs. Mary C. Winfree, as defendant, and Otis K. Winfree, as intervener, in cause No. 782, and by said judgment the appellant recovered from appellees all right, title, and interest in and to a tract of 32 acres of land out of the Henry Griffith league, described therein by definite field notes. And the petition of the appellee Otis K. Winfree filed in this suit to set that judgment aside, alleges that he was the owner of a tract of land 100 feet wide along the south side of the said 32-acre tract recovered by appellant in said decree, and said petition filed in this cause alleged that though said judgment in cause No. 782 recites that said appellee, Otis K. Winfree, appeared therein as an intervener and announced ready for trial, he in fact was not then a party to said suit, had never been served with citation, had never appeared therein, either in person or by attorney authorized to do so for him, and that such recitations above referred to in said decree were false and fraudulently made for the purpose of binding said appellee without his knowledge or consent. And further said petition alleged that while there appears to be on file, in the papers of said cause No. 782, a purported plea for leave to intervene by one Thomas B. Lewis, as attorney for this plaintiff, therein termed intervener, yet this plaintiff would show in truth and in fact the said purported plea of intervention was filed without any authority on the part of the said Thomas B. Lewis so to do, for said appellee had not prior thereto, then or thereafter, and had never, in fact, employed or authorized the said Thomas B. Lewis to act for him as attorney, agent, or in any capacity. And also it was alleged that said purported plea of intervention so executed and filed by the unauthorized act of said Thomas B. Lewis was not filed prior to the date of said decree, to wit, March 13, 1912, but was filed a long time subsequent thereto, and after the adjournment of the term of court in which said decree was rendered. Said petition further alleges that

said decree was entered upon and with an agreement between the plaintiff in said cause, to wit, the said E. W. Winfree, the defendant herein, and the defendant in said cause, to wit, Mrs. Mary C. Winfree, acting by and through their respective attorneys, that in the event the said decree should not be satisfactory to this plaintiff, or in the event this plaintiff should object thereto or not desire to be bound thereby, that the said decree should not be of any force or effect, and that the same would be set aside by mutual consent of the actual parties thereto, to wit, the defendant herein E. W. Winfree, and the defendant therein, the said Mrs. Mary C. Winfree, and that when the plaintiff herein, Otis K. Winfree, learned that said decree had been entered, he did object to same, and made known his objections to all parties thereto.

The appellant, E. W. Winfree, answered in this cause, denying all the material allegations made in the above-mentioned petition of appellee Otis K. Winfree, by specific denial as required by the rules of pleading then in force, and in his answer specially pleaded that the appellee Otis K. Winfree claims the said strip of land 100 feet in width sued for by said appellee herein, under a certain deed made by appellant to both the appellees herein on September 30, 1901, conveying to them a tract of 100 acres of land, and further, in that connection, appellant urged that if it could be held that said deed of date September 30, 1901, conveyed to plaintiff, Otis K. Winfree, any part or parcel of that strip of land 100 feet in width sued for by plaintiff herein, "then at most the only interest plaintiff could claim under that deed in and to said strip or portion of land would be a small undivided interest therein, * * * and this defendant denies that he has even that slight undivided interest therein." And, further, appellant pleaded that said Otis K. Winfree did appear as an intervener in said cause No. 782, and was represented therein by T. B. Lewis as his attorney, and that while the fact is said plea of intervention, though the file mark thereon is March 13, 1912, was not filed until some day subsequent to that date upon express agreement with Thomas B. Lewis, who was acting as attorney for plaintiff, as above alleged, that it might be so filed, and this agreement being in accordance with a practice frequently followed by the attorneys of this court, and heretofore when such agreements have been made they have always been faithfully followed and enforced. And upon his answer, pleading as above stated, appellant prayed that plaintiff take nothing by his suit and that appellant go hence with his costs.

And further, but in the alternative only, appellant pleaded that should it be decided that the said judgment rendered on March 13, 1912, in cause No. 782, styled E. W. Winfree v. Mary C. Winfree, should be set aside, and the appellee, Otis K. Winfree, given

judgment for that strip of land 100 feet in width described in his petition filed herein, then, in that alternative, appellant, by way of cross-action against the defendant Mrs. Mary C. Winfree, and also against the plaintiff herein, Otis K. Winfree, pleads that the merits of the cause of action urged by him as plaintiff in said cause No. 782 should not be heard and determined. And then pressing that alternative plea, appellant alleged that on or about January 16, 1902, he was the owner in fee simple of a certain tract of 49 acres, and also an undivided one-half interest in a certain tract of 2 acres in said Henry Griffith league, and that on said date appellant and his wife, Amanda Winfree, and his brother, Ed H. Winfree, his sister, Mrs. Myra Epperson, and her husband, M. W. Epperson, executed and delivered to appellee herein, Mrs. Mary C. Winfree, their mother, a certain deed conveying to her all their interest in a certain 250 acres of land in said Griffith league, which had been conveyed by Z. T. Winfree to appellant, as trustee, by deed dated September 12, 1901; the interest of appellant and his wife in said 250 acres of land so conveyed to Mrs. Mary C. Winfree being that certain tract of 49 acres thereof and also the undivided one-half interest in a tract of 2 acres thereof, and the said tract of 49 acres and the said tract of two acres being described in appellant's cross-action by definite field notes. Appellant further alleged that the consideration recited in said deed of date January 16, 1902, from him and the others named to Mrs. Mary C. Winfree, of $500 cash, was not in fact paid, nor was any money or thing of value given or paid by the grantee in said deed to the grantors, but the allegations in appellant's cross-action are that:

"In truth and in fact this defendant and his wife, Amanda, were induced and persuaded to execute and deliver said deed to the defendant, Mrs. Mary C. Winfree, upon the following express terms, conditions, contract, and agreement: The defendant Mrs. Mary C. Winfree, being the mother of this defendant and also of Ed H. Winfree, Otis K. Winfree, and Mrs. Myra Epperson, represented to this defendant and his said wife that she wanted to hold in her name all of the land which had been given to them by their father, Z. T. Winfree, and that it would be for their benefit and to their great advantage to vest her with the title to all of said land, so that she could manage it during her lifetime, and that she would arrange by will or otherwise for each child to get back his part at her death. And, also, she further expressly agreed with this defendant and his said wife that, if they would execute the deed they did execute as above alleged, she would immediately deed back to him, out of said tract of 49 acres owned by him as aforesaid, 10 acres thereof to include the improvements then located thereon, which had been placed upon the said land by this defendant at his own cost and expense, and he, with his wife, and children, were then occupying and using same as a homestead."

And, further, this cross-action of appellant alleges that:

Said agreement and understanding on the part of the appellee Mrs. Mary C. Winfree "was the sole consideration for which this defendant and his wife executed said deed to her, and he was influenced so to do by the further fact that at the time his mother's health was in a dangerous state, and she was suffering from serious mental and nervous strain, brought about from their recent domestic differences and unfortunate family troubles, and this defendant felt and believed that by acceding to his mother's desires and request for the execution of such a deed by him and her other children for the purpose above mentioned, would serve to pacify her and save her health from serious and permanent impairment."

Appellant also alleged that the 10 acres which was to be reconveyed to him by the appellee Mrs. Mary C. Winfree, as above alleged, he had surveyed so as to obtain a definite description thereof, and the field notes of same are set forth in his pleading. And the said 10-acre tract is out of the tract of 49 acres above mentioned, and appellant alleges that on the date of said deed to appellee Mrs. Mary C. Winfree, to wit, January 16, 1902, and for some time prior thereto, he, with his wife and children, had resided upon, and their homestead consisted of, the said tract of 49 acres of land, "and the said tract of land with all improvements thereon had been before that time, and was at the date of the execution and delivery of said deed, the homestead of this defendant and his family." Further, appellant's allegations are that in so using, occupying, and improving said 10-acre tract of land, he relied upon the verbal promise and agreement of the appellee Mrs. Mary C. Winfree to execute him a deed thereto, and that she has, since first making that promise, repeatedly renewed the promise, and led appellant to believe that she would in good faith carry out such agreement "made in consideration of his executing to her the deed above mentioned, and, she being his mother," appellant relied upon such repeated promises until about January 1, 1909, when said appellee made known to appellant that she would not execute him a deed for said 10 acres of land, and that he would not receive at her death the remaining 40 acres out of the 50 acres of land which had been conveyed to her by appellant and his wife as above alleged; that after such refusal on the part of said appellee to comply with her said agreement, appellant, in August, 1909, filed said cause No. 782, styled E. W. Winfree v. Mrs. Mary C. Winfree, whereby he sought to have said deed of date January 16, 1902, canceled and to recover the 50 acres of land which he and his wife had thereby conveyed to the appellee Mrs. Mary C. Winfree. And appellant alleges that:

"On the 13th day of March, 1912, an agreement for the compromise and settlement of said cause was made between this defendant and the said Mrs. Mary C. Winfree, and also the plaintiff herein, and, in accordance with that agreement and compromise, judgment was duly rendered and entered in favor of this defendant and against plaintiff herein and said Mrs. Mary C. Winfree for a certain tract of 32 acres of land as is fully set forth in said judgment which appears in volume D, p. 148 et seq., of the

minutes of this court, to which reference is made for more definite description, and also a copy of said judgment is attached to plaintiff's original petition filed herein as 'Exhibit A.' "

And also appellant alleged that he made said compromise in good faith, and the said judgment rendered in said cause No. 782 truthfully reflects the nature and terms of the agreement and compromise made therein, and that appellant accepted such judgment as binding on all the parties thereto, and has continued to rely implicitly thereon. The prayer of appellant upon this alternative plea, then, is that he have judgment against the appellee Mrs. Mary C. Winfree, a defendant herein, and also against the appellee O. K. Winfree. who was plaintiff herein, decreeing that said deed of date January 16, 1902, made by appellant and others to Mrs. Mary C. Winfree, be declared null and void and canceled "in so far as the same attempts and purports to convey that certain tract of 49 acres and that undivided one-half interest in and to a tract of 2 acres of land out of the Henry Griffith league in Chambers county, Tex., as fully described in paragraph 1 of the foregoing alternative plea, and that the cloud cast upon the title of this defendant to said land by reason of said deed be removed." And appellant prayed further, in the alternative, that if for any reason he was not entitled to judgment according to the prayer above mentioned, then he prayed judgment for the title to and possession of that certain 10 acres of land above particularly referred to, and further for damages in the value of the remaining 40 acres·of land conveyed by him to Mrs. Mary C. Winfree by said deed dated January 16, 1902.

The appellee herein Mrs. Mary C. Winfree, as ·the defendant in the court below, filed an answer to the petition of plaintiff herein, Otis K. Winfree, disclaiming all right and title to the strip of land 100 feet wide sued for herein by the appellee Otis K. Winfree, and alleging that the facts as set out in plaintiff's petition "showing the manner and method in and by which the decree sought to be set aside was rendered and entered, to the best of her information, knowledge, and belief, are true and correct." And further the appellee, Mrs. Mary C. Winfree pleaded in said answer that the said decree rendered in cause No. 782 "was not agreed to or authorized by her or by any one acting for her, with authority so to do; and she here now expresses her willingness to and agrees that the said decree may be in all things set aside and held for naught."

The appellee Otis K. Winfree filed a supplemental petition in response to appellant's answer and cross-action, and this supplemental petition denies all the material allegations in said answer and cross-action of appellant, and further especially pleads that the 250 acres of land which was conveyed on September 30, 1901, by Z. T. Winfree to appellant, as trustee, was the property of ap-

pellee Mrs. Mary C. Winfree, and that such· conveyance was obtained from said Z. T. Winfree under and by virtue of an "understanding and agreement of all the grantees· therein that such property would be at once conveyed to the defendant Mrs. Mary C. Winfree, as her sole property, to do with as she pleased, without claims of any kind thereto on the part of any of the grantees in said deed, other than herself, such grantees being her children, and that such consideration, in addition, was the love and affection borne by each of the grantees therein, including the· defendant E. W. Winfree, for said defendant, Mary C. Winfree, their mother." And in this supplemental petition there is the further allegation that:

"Plaintiff adopts the allegations in the first supplemental answer and cross-action of defendant Mrs. Mary C. Winfree, as to all matters, and things alleged in response to the answer and cross-action of defendant E. W. Winfree as to, all matters of fact ·alleged relative to the acquisition of property involved in this controversy."

Also, the said appellee, Otis K. Winfree, in this supplemental petition disclaims title to all the land claimed or sued for by the appellant, E. W. Winfree, in his cross-action above mentioned, other than the strip of land 100 feet wide, described and sued for in plaintiff's petition.

In response to said supplemental petition· of plaintiff, the appellant urged a general denial, and also pleaded specially several matters not necessary to here enumerate.

The appellee Mrs. Mary C. Winfree, in answer to the cross-action of the appellant, pleaded a general denial, and also specially pleaded that the 250 acres of land deeded by Z. T. Winfree to appellant on September 12, 1901, was, when first acquired, the community property of said appellee and her husband, Z. T. Winfree, alleging that same was acquired "by the joint funds of her said husband and this defendant (Mary C. Winfree) and in part by her separate funds, and that this property, including the land sued for by her codefendant in said cross-action, having become such community property, so remained until on or about the 1st day of April,. 1901, when such property, under and by virtue of an agreement on the part of the said Z. T. Winfree and this defendant, became and was the separate property of this defendant."

In this supplemental answer of the appellee Mary C. Winfree, it is further alleged:

That she filed suit for divorce against her hus-· band, Z. T. Winfree, which was pending on September 12, 1901, when the appellant, his brother ·and sister, so this supplemental answer alleges, "in order to secure an amicable settlement of the property rights between said Z. T. Winfree and this defendant, procured and induced this defendant to consent to an adjustment of ' the property rights involved in said divorce action, including the said 250 acres of land referred to, and represented to this defendant that if she would consent and agree to a conveyance· of said 250 acres of land in trust to said codefendant, E. W. Winfree, and permit and allow·-

the trust deed to him to recite that the said 250 acres of land should be conveyed to the said E. W. Winfree, and thereafter, as soon as the said land could be surveyed, he should convey the same in different tracts to this defendant and her sons and daughter, and would permit the said trust deed to recite that 49 acres should be retained by said codefendant, E. W. Winfree, that a settlement of such property rights could be speedily obtained, and that all of said 250 acres of land should remain and be the property of this defendant, and that subsequently all of said children would reconvey the respective tracts to be conveyed to them to this defendant as her sole property. That in pursuance of such agreement, and in reliance upon the express promises of said codefendant, as well as her other children, to this effect, this defendant made a settlement of the matters and things embraced in the said partition of lands and permitted in such settlement the conveyance of said land to be made as aforesaid, to E. W. Winfree, under deed of date September 12, 1901.

"This defendant would further show that in pursuance of such agreement on the part of the codefendant and his brothers and sister, as aforesaid, and this defendant, the said E. W. Winfree, and wife, E. H. Winfree, and Mrs. M. Epperson, joined by her husband, M. W. Epperson, did on the 16th day of January, 1902, convey to this defendant all of those certain tracts out of said 250 acres which had been prior thereto conveyed by Z. T. Winfree, under said trust deed, and by said E. W. Winfree, as trustee, to the other parties thereto, thereby consummating and confirming the prior agreements, in reliance upon which, as aforesaid, this defendant had permitted the said property to be conveyed to said codefendant as trustee. And this defendant says that, under and by virtue of the terms of the agreement and of said conveyance, the entire title to said property vested and remained in this defendant."

Further in this supplemental answer, the appellee Mrs. Mary C. Winfree pleads that:

"It is true that she did state to her codefendant herein, E. W. Winfree, that she would convey to him 10 acres of land out of the tract of 49 acres recited in said trust deed to be retained by him, but she says that the 10 acres to be so conveyed was left entirely optional with her, as was likewise the time when the same should be so conveyed, and that she made no express promise or agreement to convey any particular 10 acres at any particular time, and she further alleges that the promise upon her part to so convey and give said 10 acres of land was made subsequent to the agreement as alleged, to permit said 250 acres of land to be so conveyed in trust to said E. W. Winfree, and subsequent to the conveyance thereof as alleged, and that there was in truth and in fact no consideration of any kind to support such promise, but same was wholly without consideration, and therefore in no wise binding upon this defendant."

And also, by way of cross-action, the appellee Mrs. Mary C. Winfree in this supplemental answer pleads in the form of trespass to try title for the recovery of the above-mentioned tract of 49 acres and also the undivided one-half interest in that certain 2-acre tract of land above mentioned for which appellant in his cross-action was suing as above explained.

The appellant, in response to the said supplemental answer and cross-action of the appellee Mrs. Mary C. Winfree, filed a supplemental answer pleading a general denial and not guilty.

Upon the foregoing pleadings, this cause was tried, and on June 30, 1915, the trial court rendered judgment decreeing that the judgment rendered by the district court of Chambers county on March 13, 1912, in said cause No. 782, styled E. W. Winfree v. Mary C. Winfree, be annulled, canceled, and set aside, "and the property therein described, and the title thereto, shall be dealt with and considered as if said decree had never been rendered"; and then further decreeing that the appellee Otis K. Winfree have and recover from the appellant, and from the appellee Mary C. Winfree upon her disclaimer, the title to all that certain strip of land 100 feet wide off the south side of the 32-acre tract of land described in said decree. And further the judgment of the trial court in this cause was that the appellant take nothing by his cross-action against the appellee Otis K. Winfree, and that the appellant recover from the appellee Mrs. Mary C. Winfree, and also from the appellee Otis K. Winfree, upon his disclaimer, the title to and possession of a certain tract of 10 acres out of the Henry Griffith league, describing same by metes and bounds, and that, except as to "said 10 acres of land above set out, the defendant E. W. Winfree do have and recover nothing of and from the plaintiff, Otis K. Winfree, or the defendant Mrs. Mary C. Winfree, upon any of the matters or things set out by him in this said cross-action." And except as to the said 10 acres of land, the trial court rendered judgment that the appellee Mrs. Mary C. Winfree recover from the appellant, E. W. Winfree, and also from the appellee Otis K. Winfree upon his disclaimer, a certain tract of 49 acres of land and an undivided one-half interest in and to a certain tract of 2 acres of land, describing same by definite metes and bounds, and these two tracts of land so recovered by the appellee Mrs. Mary C. Winfree are the same two tracts of land sued for herein, and also in said cause No. 782, by appellant, as hereinabove particularly explained.

The appellant in due time and in due form of law filed his motion for a new trial, which was by the court overruled, and to that action of the court appellant duly excepted and gave notice of appeal to this court, and properly perfected his appeal by filing an appeal bond in accordance with the law in such cases made and provided.

Perhaps it might be well to insert the findings of fact and conclusions of law, as filed by the court, to wit:

"Findings of Fact.

"I find that Thomas B. Lewis, Esq., had no authority from Otis K. Winfree, plaintiff, to represent him in the procuring of the judgment in No. 782, entitled E. W. Winfree v. Mary C. Winfree, and that Otis K. Winfree was not a party to said cause at the time said judgment was entered, and that the plea of intervention for him was filed after the adjournment of that term of the district court of Chambers county, in which said decree was entered, without his

consent or authority, also that Lewis did not have authority from Mrs. Mary C. Winfree to agree upon, and bind her with the character of and particular judgment entered in said cause; that said decree of date March 13, 1902, embraced the strip of land 100 feet wide, of which Otis K. Winfree was the owner at said time; that Mrs. Winfree and Otis Winfree acted with reasonable diligence in regard to the setting aside of such judgment.

"I find that the certain tract of 349 acres out of the Henry Griffith league, which embraces the 250 acres of land conveyed under the trust deed to E. W. Winfree, of date September 12, 1901, which includes the 50 acres sued for herein by E. W. Winfree, was originally acquired about 10 years after the marriage of Mary C. Winfree and her deceased husband, Z. T. Winfree; that it was acquired in part by community funds and partly by the expenditure of $150, the separate property of said Mrs. Mary C. Winfree, and the proceeds of a sale of cattle, likewise her separate property; that subsequently the entire 349 acres was made her separate property by her deceased husband, and that she was claiming the same as such at the time of the institution of suit for divorce by her in which suit the property rights which became involved therein were subsequently settled in part by the said trust deed; that after the filing of suit, her husband, Z. T. Winfree, claimed one-half of the said 349 acres, while Mrs. Winfree claimed the entire 349 acres, as her separate property; that the defendant E. W. Winfree, son of Mrs. Mary C. Winfree and Z. T. Winfree, had full knowledge of the facts at the time of the execution of the said trust deed, as to the claim of Mrs. Winfree to the entire tract, as her separate property; that the said Z. T. Winfree would not make a settlement of the property involved and declined to recognize her right to more than one-half of it, while Mrs. Winfree would not agree to or recognize his right to one-half thereof; that, in order to procure a settlement of the differences existing between their mother and father, their children, including the defendant E. W. Winfree, procured the consent of their mother, the said Mary C. Winfree, to a settlement upon the promise and agreement that the trust deed should be executed, purporting to convey the 250 acres in trust to E. W. Winfree, as recited therein, but with the express and clear and distinct agreement on the part of the children, including the defendant E. W. Winfree, that the entire property, said 250 acres, which embraced the property now in controversy in this suit, should be reconveyed to her as soon as the terms of the trust deed were carried out, which would be done at once; that this was the procuring cause of the agreement on the part of Mrs. Winfree to settle the property rights between her and her said husband, and permit the property to be conveyed in trust, and, except for such agreement, she would not have permitted such disposition of the property, all of which she claimed as her own, and by this arrangement the said Z. T. Winfree's consent was procured to a settlement, although he was not apprised of the agreement on the part of the children to reconvey.

"I further find that, at the time of the execution of the trust deed from Z. T. Winfree to E. W. Winfree, there had been no promise made on the part of Mrs. Winfree to convey to him, the said E. W. Winfree, any portion of the property; that she never, at any time, agreed to reconvey to him 25 acres of land, as contended by him; that she did agree to reconvey to E. W. Winfree 10 acres of land, which agreement was made at the time of, or just prior to, the execution of a conveyance from E. W. Winfree and wife, Amanda Winfree, with others of date January 16, 1902.

"I find that E. W. Winfree agreed prior to the execution of the trust deed to reconvey the property therein conveyed to him, without any agreement on the part of Mrs. Winfree to reconvey to him any part of the land, but that, when it came to execute the conveyance to Mrs. Winfree, E. W. Winfree and his wife declined to execute such conveyances, unless Mrs. Winfree would agree to reconvey to him ten acres of land, including his improvements, and that Mrs. Winfree made such agreement in order to procure said reconveyance to her as had been agreed upon.

"I find that Mrs. Winfree did not deem it necessary, in the first instance, for Amanda Winfree, the wife of E. W. Winfree, to execute the deed of reconveyance, and only required it because of the fact that the deed had been drawn by her attorney so as to include said Amanda Winfree; that E. W. Winfree advised that his wife would not execute the deed unless Mrs. Mary C. Winfree would agree to reconvey 10 acres so as to include his improvements; and that in order to obtain the execution of the deed Mrs. Winfree made such agreement. But I further find that E. W. Winfree, in connection with his wife, was also requiring the agreement to reconvey 10 acres of land. I find that Mrs. Winfree, under the circumstances, agreed to reconvey 10 acres within a reasonable time after the execution of the deed by E. W. Winfree and his wife to her, and that she did not comply with this agreement; that, at the time of the agreement to reconvey the 10 acres, no particular 10 acres was mentioned by either party, except that the same was to embrace the improvements that E. W. Winfree had on the land.

"I find that at the time, and at all times subsequent, as well as before, the making of the agreement by Mary C. Winfree, to reconvey the 10 acres to E. W. Winfree, he and his wife, Amanda Winfree, were in possession of the 10 acres, occupying it, using it, and enjoying the same, exercising absolute control thereof, without molestation or interference on the part of Mary C. Winfree, or any one else, and that Mary C. Winfree never undertook to remove him therefrom, or to oust him from such possession, and never demanded possession thereof; that, subsequent to the making of said agreement by Mary C. Winfree to reconvey to said E. W. Winfree, 10 acres of land, E. W. Winfree claimed only 10 acres of land, and subsequent to said agreement made valuable improvements thereon, claiming the same.

"I further find that after the entry of the judgment of March 13, 1912, in cause No. 782, E. W. Winfree took possession of a strip of land 100 feet wide, which was upon the north one-half of the 100 acres of land embraced in the deed from E. W. Winfree to Otis K. Winfree and Mary C. Winfree, and that at the time of, and prior to, the entry of such judgment, Otis K. Winfree and Mary C. Winfree had partitioned the 100 acres of land so that the north one-half thereof, formed by running a line from the east to the west line parallel with the north and south lines of the 100 acres, had been segregated and designated, and agreed upon between said Mrs. Mary C. Winfree and Otis K. Winfree, as his property; that she had given the same to him and relieved him of the agreement made by her children prior to said trust deed to reconvey to her; and that this north one-half, so designated, would include the homestead, as it was situated at the time of the execution of the deed from E. W. Winfree, as trustee, to the said Otis K. Winfree and Mary C. Winfree, wherein the 50 acres, including such homestead, was conveyed to said Otis K. Winfree. The only improvements made upon the said strip 100 feet in width consisted of some fencing which I find was placed on said land after the said E. W. Winfree was advised by Otis K. Winfree not to interfere with his ownership and possession thereof. I find that as a fact the $500 recited in the deed of reconveyance from E. W. Winfree and others to Mary C. Winfree of date January 16, 1902, was not in fact paid, and there was

no other consideration for the execution of the deed, except the carrying out of the agreement under which the property was conveyed to E. W. Winfree, as trustee, as I have found heretofore, and the agreement of Mrs. Mary C. Winfree to transfer the 10 acres to him.

"The facts show that E. W. Winfree and his wife went upon the land in question and built his improvements thereon, with the knowledge and consent of Mrs. Winfree, and that she invited him to do so, but that she made no agreement or promise to give him any land; but I find that he moved on the land just as her other children, with her permission to live there and use the land and enjoy it, although E. W. Winfree and his wife then had the idea that ultimately he would receive from his mother and father a portion of the land with his improvements. I find that Z. T. Winfree promised to give him 10 acres or 70 acres, but I find that no action was taken to carry out such promise; and that E. W. Winfree never claimed any land under the promise from his father, either at the time the trust deed was made, or at any time subsequent thereto; that he made the agreement to reconvey the property to his mother, Mary C. Winfree, without mentioning or claiming any promise had been made.

"I further find that E. W. Winfree claimed the particular 10 acres of land to which he procured a release from Patillo Higgins from the terms of an oil lease made thereon by his mother in 1902, and that at his instance the land was surveyed in the shape embraced in the Higgins release, including the 10 acres therein described, around his improvements the same 10 acres decreed to him herein; that Mary C. Winfree had knowledge of this release and acquiesced therein, and made no objection to the exemption thereof from the oil lease which she had made to Patillo Higgins of all the 250 acres embracing said land.

## "Conclusions of Law.

"Upon the foregoing facts my conclusions of law are as follows:

"That the judgment entered on March 13, 1912, in cause No. 782, was invalid and not binding upon either Otis K. Winfree or Mary C. Winfree, inasmuch as Thomas B. Lewis was not authorized to represent Otis K. Winfree to any extent, and Otis K. Winfree was not a party to said suit, and his mere employment as attorney by Mary C. Winfree did not authorize him to agree to the judgment actually entered in that case; he having no specific authority so to do. That said improvements as were placed on the strip of 100 feet wide, belonging to Otis K. Winfree, were not placed thereon in good faith.

"I find that as a matter of law the beneficial title to the 250 acres of land, which was conveyed to E. W. Winfree as trustee under the trust deed referred to, was prior thereto in, and thereafter remained in, Mary C. Winfree; and under the agreement shown by the facts to have been made prior to the execution of the trust deed, although the legal title was placed in E. W. Winfree to the 49 acres and the undivided one-half of the two acres in question, yet there was an express trust ingrafted thereon in favor of Mary C. Winfree, which was subsequently carried out by the conveyance, as shown.

"I conclude as a matter of law that the legal effect of the conveyance of E. W. Winfree and wife and others to Mary C. Winfree, together with the contemporaneous parol agreement then made between E. W. Winfree and his mother, Mrs. Mary C. Winfree, was to vest in Mary C. Winfree, the title to all of the land, except the 10 acres to be reconveyed to E. W. Winfree, and that she took the title to this 10 acres in the nature of a trust for the benefit of E. W. Winfree and wife; that he then had perfect beneficial title to said 10 acres of land; that having such title and making and maintaining valuable improvements on this land entitled him to a judgment therefor; that having this title under these circumstances, with the actual use and possession, as found in the statement of facts, the real consideration for the deed from him and his wife to Mary C. Winfree did not fail in fact, and there was not such a breach of the agreement as would entitle him to a rescission of the deed.

"I find that as a matter of law E. W. Winfree, having claimed the specific 10 acres embraced in the release from Patillo Higgins to him, and having procured the release thereof, and the said Mary C. Winfree having acquiesced therein, there has been a virtual partition and segregation of the particular 10 acres, and that this particular 10 acres in the particular form is approximately of equal value to any other 10 acres surveyed in any other form, so as to include his improvements on the actual land.

"Inasmuch as Otis K. Winfree obtains the decree sought by him, he is entitled to recover his costs from E. W. Winfree; and, inasmuch as E. W. Winfree obtains a decree upon his cross-action for a portion of the land sued for, he is entitled to recover his costs against Mary C. Winfree."

The first assignment of error challenges the action of the court below in having committed error in overruling special exception presented by appellant to plaintiff's original petition, as is set forth in paragraph 2 of this defendant's original answer filed herein.

The second assignment of error is:

"The court erred in overruling defendant's special exception to said original petition, as is urged and set forth in paragraph 3 of the original answer of this defendant filed herein."

Appellant's proposition is:

"A party suing to set aside a judgment on the ground that the attorney who has acted for him therein did so without authority must charge some fraud against the attorney who it is alleged assumed such authority, or that the party who obtained the judgment acted fraudulently, and without such allegations the complaining party should not be allowed to disprove the verity of the judgment's recitals."

Standing alone, and as an original proposition, we are inclined to think the appellant is correct in his proposition. We have read the larger portion of the authorities cited, and they seem to uphold the contention; but the contention in this case is that the attorney purporting to act for the party in the suit, to wit, Otis K. Winfree, was not, in fact, the attorney of such person, and that such person had never been served with citation, and had never appeared therein. Therefore it is contended that it is unnecessary to allege fraud, and, the fact being shown that the attorney was not authorized to represent the complaining party, the judgment should be set aside.

[1] This contention is correct. The court in his findings heretofore set out, which were unchallenged, and to which no exception was filed, found:

"I find that Thomas B. Lewis, Esq., had no authority from Otis K. Winfree, plaintiff, to represent him in the procuring of the judgment in No. 782, entitled E. W. Winfree v. Mary C. Winfree, and that Otis K. Winfree was not a party to said cause at the time said judgment was entered, and that the plea of intervention for him was filed after the adjournment of that term of the district court of Chambers

county, in which said decree was entered, without his consent or authority."

This presents a different question from that presented by the appellant in his proposition, and we think that the authorities are in harmony in holding with the contention of appellee. Therefore these assignments are overruled.

The third assignment of error is:

"The court erred in admitting in evidence, over objection of this defendant, the testimony of Otis Winfree, of Mrs. Mary C. Winfree, and of Ed Winfree, which was to the effect that T. B. Lewis had no authority to act as attorney for Mrs. Mary C. Winfree when the judgment by agreement was entered in cause No. 782, styled Ernest W. Winfree v. Mary C. Winfree, on March 13, 1912, and that the said T. B. Lewis was wholly without authority to make the compromise which resulted in said judgment."

[2] It is contended, and the record reflects the fact, that the appellant was not seeking to maintain the attacked judgment, as against Mrs. Mary C. Winfree alone; but, on the contrary, he asked that, if the judgment be set aside as to Otis K. Winfree, the merits of his original cause of action be adjudicated, and the judgment against Otis K. Winfree having been set aside, and justly so, as held heretofore, the admission of testimony that Thomas B. Lewis had no authority to act as attorney in agreeing to the compromise judgment without having alleged fraud on the part of such attorney, or some one else, becomes harmless error, in our opinion. Moreover, the court, in its findings heretofore referred to, used the following language:

"Also, that Lewis did not have authority from Mrs. Mary C. Winfree to agree upon and bind her with the character of and particular judgment entered in said cause; that said decree of date March 13, 1902, embraced the strip of land 100 feet wide of which Otis K. Winfree was the owner at said time; that Mrs. Winfree and Otis Winfree acted with reasonable diligence in regard to the setting aside of such judgment."

The finding of the court that the parties acted with reasonable diligence, and that the attorney acted without their consent and had no authority from Mrs. Mary C. Winfree to agree upon or bind her with the particular judgment entered in the cause, and it being shown that injury resulted to the client by the unauthorized action of such attorney, it is obvious that these facts, taken together with what has been heretofore said, renders the action of the court in admitting the testimony of Otis Winfree and of Mrs. Winfree, and of Ed Winfree, to the effect that Lewis had no authority to act as attorney for Mrs. Mary C. Winfree, harmless. There is no merit in the contention of appellant, and it is therefore overruled.

Not only, as said before, was appellant not seeking to maintain the judgment as against Mary C. Winfree alone, but the testimony of Mr. Pickett, attorney for appellant, was as follows:

"If any compromise was effected, Otis would have to be made a party to the suit, because, as I understood it, at the time the deed from Z. T. Winfree to Ernest and from Ernest to Mrs. Winfree and Otis conveyed 100 acres in a body, and on the face of it made Otis and his mother joint owners, and, taking that new view of it, I repeated to Lewis time and again that, if a compromise was reached by which Ernest had to take any part of that 100 acres, Otis would have to be made a party to the suit."

The fourth assignment of error challenges the action of the court as error in setting aside the final judgment entered in cause No. 782, styled Ernest W. Winfree v. Mrs. Mary C. Winfree, on March 13, 1912, in so far as the same bound the defendant Mrs. Mary C. Winfree, for that the undisputed proof showed that T. B. Lewis was the attorney for said Mrs. Mary C. Winfree in that cause, and as such attorney this court in this cause should have held that he had authority to make the compromise which he did make, and which resulted in the judgment by agreement that was entered in said cause No. 782; it not being alleged or proved in this case that the said T. B. Lewis, or any one else connected with said cause No. 782, acted fraudulently in having that compromise judgment entered, or that said Lewis was moved to make said compromise and agree to said judgment from any improper or corrupt motive, nor is such compromise so unreasonable in itself as to indicate that the judgment of the said T. B. Lewis in the making of said compromise had been imposed upon, or was not fairly exercised.

As heretofore stated, under the pleadings, the appellant did not seek to recover judgment upon the compromise agreement as against Mary C. Winfree alone, neither did he seek in his pleadings to maintain a judgment against her alone, but in the event that Otis K. Winfree succeeded in setting the judgment aside as to him, and in recovering the 100-foot strip off the south side of the land described in the judgment, appellant then sought, by his cross-action, to litigate the merits of his original controversy, and instead of seeking to maintain the compromise asked for recovery of the entire 50 acres, as in his original suit, or, in the alternative, sought to recover 10 acres, which he alleged Mrs. Winfree agreed to reconvey to him as damages to the remainder of said 50 acres, and appellant did, in fact, recover the 10 acres, as alleged, from Mrs. Mary C. Winfree.

It is contended further that where, under the pleadings and proof, it is shown that, to sustain a judgment based upon an unauthorized act of an attorney, injury would be sustained by the party for whom such attorney purported to act, the court will not permit the judgment to stand. The record reflects that the appellant, E. W. Winfree, by his cross-action, claimed 50 acres of land as against the defendant Mrs. Mary C. Winfree, and the plaintiff, Otis K. Winfree, and sought to recover the 50 acres which did not embrace the 100-foot strip for which plaintiff, Otis K. Winfree, sued, and, in addition to this, the

appellant sought to recover the 10 acres which he alleged Mrs. Winfree had agreed to reconvey to him as a consideration of a reconveyance to her of the 50 acres claimed by him back to E. W. Winfree, and which 10 acres the court held and adjudged should become and was, by a decree made, the property of E. W. Winfree. It might be said, with truth, that the record shows that the settlement made was unreasonable, and had worked injury upon Mrs. Mary C. Winfree; it appearing that the unauthorized compromise awarded 32 acres to the defendant E. W. Winfree, and the court, in this subsequent suit, found he was only entitled to 10 acres. What we have heretofore said disposes of this assignment, and the same is therefore overruled.

The fifth assignment of error complains that the court erred in setting aside the final judgment entered in cause No. 782, on March 13, 1912, in the case of E. W. Winfree v. Mary C. Winfree, because the undisputed proof adduced in this cause shows that, even if Mrs. Mary C. Winfree and Otis K. Winfree by parol partition divided the 100 acres of land deeded to them jointly by E. W. Winfree, by deed dated September 30, 1902, so as to vest said Otis K. Winfree with title to the north half of said 100-acre tract, this defendant, E. W. Winfree, had no notice or knowledge whatever that such partition of said land had been made between Mrs. Mary C. Winfree and said Otis K. Winfree, when said judgment in cause No. 782 was rendered on March 13, 1912, and therefore this defendant, by that judgment, acquired good title to at least an undivided half of the 100-foot strip of land out of the northeast corner of said 100-acre tract, which plaintiff in this cause has sued this defendant for, and, as a court of equity, this court should have upheld that judgment and thus vested title in this defendant to that entire 100-foot strip for which this defendant was given judgment in said cause No. 782, rendered on March 13, 1912.

As we have more than once stated in this opinion, the appellant nowhere in his pleadings sought a recovery against Mrs. Mary C. Winfree alone upon the judgment attacked by the plaintiff, Otis K. Winfree, but, on the contrary, sought only to recover the 50 acres or the 10 acres as damages for the balance of the 50 acres, in the event the judgment should be set aside as against Otis K. Winfree, and Otis K. Winfree, the plaintiff, as above held, and as is evident, was clearly entitled to have the judgment set aside, it cannot, in our judgment, be said that the court should have or would have been authorized to render a judgment for the 32 acres upon the pleadings and proof of appellant. In other words, the appellant was not seeking to recover upon the alleged settlement made with Mrs. Winfree, through her alleged attorney. Moreover, if the appellant was in a position to recover upon the alleged settlement by which 32 acres, including the strip

100 feet wide belonging to plaintiff, was given to him, as against Mrs. Mary C. Winfree, and he had sued thereon, and was seeking to hold the plaintiff, Otis K. Winfree, by reason of the joint tenancy, as claimed, the facts as reflected by this record show that Mrs. Mary C. Winfree and Otis K. Winfree were not tenants in common, but that the deed which was executed by the appellant, E. W. Winfree, to Mrs. Mary C. Winfree, and Otis K. Winfree, conveying the said land to them, in pursuance of the trust deed, deeding to him a particular 50 acres of the land, leaving a particular 50 acres to Mary C. Winfree, and in the deed by E. W. Winfree to Otis K. Winfree, and Mary C. Winfree, the 50 acres was segregated, so that Otis K. Winfree received the 50 acres upon which the home place was situated. The finding of the court upon this phase of the case is as follows:

"I further find that after the entry of the judgment of March 13, 1912, in cause No. 782, E. W. Winfree took possession of a strip of land 100 feet wide, which was upon the north one-half of the 100 acres of land embraced in the deed from E. W. Winfree to Otis K. Winfree and Mary C. Winfree. And I find that the portion of the land upon which this strip is situated was the individual property of Otis K. Winfree, and that at the time of, and prior to, the entry of such judgment, Otis K. Winfree and Mary C. Winfree had partitioned the 100 acres of land so that the north one-half thereof, formed by running a line from the east to the west line parallel with the north and south lines of the 100 acres, had been segregated and designated, and agreed upon between said Mrs. Mary C. Winfree and Otis K. Winfree, as his property; and that she had given the same to him and relieved him of the agreement made by her children prior to said trust deed to reconvey to her; and that this north one-half, so designated, would include the homestead, as it was situated at the time of the execution of the deed from E. W. Winfree, as trustee, to the said Otis K. Winfree and Mrs. Mary C. Winfree, wherein the 50 acres, including such homestead, was conveyed to said Otis K. Winfree. The only improvements made upon the said strip 100 feet in width consisted of some fencing which I find was placed on said land after the said E. W. Winfree was advised by Otis K. Winfree not to interfere with his ownership and possession thereof."

[3] We have carefully considered the above assignment, and, finding no merit in same, it is in all things overruled.

The sixth assignment of error is as follows:

"The court erred in admitting, over the objection of this defendant, the testimony of Otis K. Winfree, Mrs. Mary C. Winfree, Ed H. Winfree, and M. W. Epperson, which sought to ingraft a parol trust upon the deed which was made to this defendant by his father, Z. T. Winfree, of date September 12, 1901, and recorded in volume T, p. 500, Chambers County Deed Records."

The proposition under this assignment is:

"A deed which is absolute upon its face, or which contains an express trust which grantee therein undertakes to perform according to the terms of the trust as expressed in the deed, the settled rule is that a parol trust of a different nature and terms cannot be ingrafted upon the contract or trust expressly contained in the deed as executed."

The testimony of the witnesses, of which complaint is made by appellant under this assignment, was admissible for the purpose of showing that an express trust was created at the time of the conveyance of the property from Z. T. Winfree to E. W. Winfree, as trustee, for himself and others, the trust being that each of the parties who acquired their respective interest in the land should do so for the benefit of Mrs. Mary C. Winfree, and it is contended that this in no wise contradicted or varied the trust created by said deed.

[4] The pleadings show, and it was alleged, that the conveyance to E. W. Winfree, by his father, Z. T. Winfree, was made with the understanding and agreement that each of the children acquiring property under the terms thereof should at once reconvey such property to Mrs. Mary C. Winfree, and the record showed that the appellant had joined in such agreement. The record also shows that Mrs. Mary C. Winfree was contending that the property was her separate property, and that she only made the agreement to settle the differences between her husband, Z. T. Winfree, and herself, at the time of the divorce decree. In our judgment, the testimony established a parol trust upon the 50 acres conveyed by the deed from Z. T. Winfree to E. W. Winfree, and, so believing, we find no merit in the assignment, and the same is overruled.

The seventh assignment of error is as follows:

"If the court is correct in its decision that said judgment in said cause No. 782, rendered on March 13, 1912, should be set aside, then the court erred in giving this defendant judgment for only 10 acres of land, to include his improvements, and in not setting aside the deed made by this defendant and his wife, Amanda Winfree, on January 16, 1902, to Mrs. Mary C. Winfree, in so far as that deed conveyed the 50 acres of land at that time owned by this defendant and his wife as their homestead; the same being fully described in paragraph 1 of the cross-action filed herein by this defendant."

The eighth assignment of error is:

"The court erred in failing and refusing to cancel and set aside the deed of date January 16, 1902, which conveyed the 50 acres of land referred to in the last preceding paragraph, and in failing and refusing to render judgment in favor of this defendant for that 50 acres of land, because the undisputed proof showed that at the date of said deed the said 50 acres of land was the homestead of this defendant and his said wife, Amanda Winfree; and, further the undisputed proof shows that no consideration whatever was paid them, or either of them, for the execution of said deed, and therefore said deed should be canceled and set aside because wholly unsupported by any consideration, and void as to the defendant and his said wife."

We have held heretofore that a trust was created in the property conveyed to E. W. Winfree, in favor of his mother, Mary C. Winfree, and it was shown beyond question that E. W. Winfree had agreed that he would reconvey the property to his mother at once. The court's finding was as follows:

"That subsequently the entire 349 acres was made her separate property by her deceased husband, and that she was claiming the same as such at the time of the institution of suit for divorce by her, in which suit the property rights which became involved therein were subsequently settled in part by the said deed. That, after the filing of such suit, her husband, Z. T. Winfree, claimed one-half of the said 349 acres, while Mrs. Winfree claimed the entire 349 acres, as her separate property, and that the defendant, E. W. Winfree, son of said Mrs. Mary C. Winfree and Z. T. Winfree, had full knowledge of the facts at the time of the execution of the said trust deed, as to the claim of Mrs. Winfree to the entire tract, as her separate property. That the said Z. T. Winfree would not make a settlement of the property involved and declined to recognize her right to more than one-half of it, while Mrs. Winfree would not agree to or recognize his right to one-half thereof. That, in order to procure a settlement of the differences existing between their mother and father, their children, including the defendant E. W. Winfree, procured the consent of their mother, the said Mary C. Winfree, to a settlement upon the promise and agreement that the trust deed should be executed, purporting to convey the 250 acres in trust, to E. W. Winfree, as recited therein, but with the express and clear and distinct agreement on the part of the children, including the defendant E. W. Winfree, that the entire property, said 250 acres, which embraced the property now in controversy in this suit, should be reconveyed to her as soon as the terms of the trust deed were carried out, which would be done at once. That this was the procuring cause of the agreement on the part of Mrs. Winfree to settle the property rights between her and her said husband, and permit the property to be conveyed in trust, and, except for such agreement, she would not have permitted such disposition of the property, all of which she claimed as her own, and by this arrangement the said Z. T. Winfree's consent was procured to a settlement, although he was not apprised of the agreement on the part of the children to reconvey."

The court finds as a matter of law on this proposition as follows:

"I find as a matter of law that the beneficial title to the 250 acres of land which was conveyed to E. W. Winfree as trustee under the trust deed referred to was prior thereto in, and thereafter remained in, Mary C. Winfree; and under the agreement shown by the facts to have been made prior to the execution of the trust deed, although the legal title was placed in E. W. Winfree to the 49 acres and the undivided one-half of the two acres in question, yet there was an express trust ingrafted thereon in favor of Mary C. Winfree, which was subsequently carried out by the conveyance, as shown."

[5, 6] It therefore clearly appears from the above, to our minds, that E. W. Winfree induced the settlement between his father and mother, who were contesting the title to the property, and agreed that, if the property was conveyed to him, he would reconvey it to her, his mother, and it might be said, further, that inasmuch as the beneficial title was then in Mary C. Winfree, according to the findings of the court, no consideration, in our judgment, was necessary to sustain the deed from E. W. Winfree to his mother, Mary C. Winfree. Moreover, in our judgment, it would be a sufficient consideration, if it was necessary, in the agreement which resulted in the making of the trust deed by which the legal

title to the property was vested in E. W. Winfree, as he said, to keep his parents out of court, or as the other witnesses testify, to effect a settlement between their mother and father; the mother claiming 349 acres and the father contending for one-half of the tract. The court, in its findings of fact and conclusions of law, found a consideration and agreement to reconvey 10 acres of land, which agreement was made at the time or just prior to the execution of the conveyance from E. W. Winfree and wife, Amanda Winfree, to Mary C. Winfree. The language of the court is as follows:

"When it came to execute the conveyance to Mrs. Winfree, that E. W. Winfree and his wife declined to execute such conveyance, unless Mrs. Winfree would agree to reconvey to him 10 acres of land, including his improvements, and that Mrs. Winfree made such agreement in order to procure said reconveyance to her as had been agreed upon."

The court also found:

"I further find that, at the time of the execution of the trust deed from Z. T. Winfree to E. W. Winfree, there had been no promise made on the part of Mrs. Winfree to convey to him, the said E. W. Winfree, any portion of the property. That she never, at any time, agreed to reconvey to him 25 acres of land, as contended by him. That she did agree to reconvey to E. W. Winfree 10 acres of land, which agreement was made at the time of, or just prior to, the execution of a conveyance from E. W. Winfree and wife, Amanda Winfree, with others of date January 16, 1902."

And further:

"I find that at the time, and at all times subsequent, as well as before, the making of the agreement by Mary C. Winfree to reconvey the 10 acres to E. W. Winfree, he and his wife, Amanda Winfree, were in possession of the 10 acres, occupying it, using it, and enjoying the same, exercising absolute control thereof, without molestation or interference on the part of Mary C. Winfree, or any one else, and that Mary C. Winfree never undertook to remove him therefrom, or to oust him from such possession, and never demanded possession thereof. That, subsequent to the making of said agreement by Mary C. Winfree to reconvey to said E. W. Winfree 10 acres of land, E. W. Winfree claimed only 10 acres of land, and subsequent to said agreement made valuable improvements thereon, claiming the same."

And the court further found:

"I further find that E. W. Winfree claimed the particular 10 acres of land to which he procured a release from Patillo Higgins from the terms of an oil lease made thereon by his mother in 1902, and that at his instance the land was surveyed in the shape embraced in the Higgins release, including the 10 acres therein described, around his improvements the same 10 acres decreed to him herein; that Mary C. Winfree had knowledge of this release and acquiesced therein, and made no objection to the exemption thereof from the oil lease which she had made to Patillo Higgins of all the 250 acres embracing said land."

On this phase of the case, the court concluded as a matter of law as follows:

"I conclude as a matter of law that the legal effect of the conveyance of E. W. Winfree and wife and others to Mary C. Winfree, together with the contemporaneous parol agreement then made between E. W. Winfree and his mother, Mrs. Mary C. Winfree, was to vest in Mary C. Winfree the title to all of the land, except the 10 acres to be reconveyed to E. W. Winfree, and that she took the title to this 10 acres in the nature of a trust for the benefit of E. W. Winfree and wife; that he then had perfect beneficial title to said 10 acres of land; that having such title and making and maintaining valuable improvements on this land entitled him to a judgment therefor; that having this title under these circumstances, with the actual use and possession, as found in the statement of facts, the real consideration for the deed from him and his wife to Mary C. Winfree did not fail in fact, and there was not such a breach of the agreement as would entitle him to a rescission of said deed."

After a careful consideration of the matter, we find no merit in the assignments, and both are overruled.

By the ninth assignment of error, the court, it is claimed, erred in refusing to set aside and cancel said judgment of date January 16, 1902, and in refusing to give judgment in favor of this defendant for the 50 acres of land conveyed thereby, which was at that time the homestead of this defendant and his wife, Amanda Winfree, so it was established by the undisputed evidence, because the undisputed evidence further showed that the only promised consideration for the execution of this deed by this defendant and his wife was the promise on the part of the defendant Mrs. Mary C. Winfree that she would promptly reconvey to them 10 acres out of said 50 acres, and this 10 acres to include the homestead improvements, and also would arrange it so that the entire 50 acres would come back to this defendant and his wife at the death of the said Mary C. Winfree; and therefore this promise on the part of Mrs. Mary C. Winfree having been broken, so the undisputed evidence shows, the consideration, if such promises amounted to any consideration, has wholly failed.

The view we take of this matter is that, as found by the court, the agreement was made on the part of Mrs. Mary C. Winfree to reconvey to E. W. Winfree 10 acres within a reasonable time after the execution of the deed by E. W. Winfree and his wife to her, and by which agreement she would receive the 50 acres, that which was already hers under the law. Said agreement to convey to the said Mrs. Mary C. Winfree could, in the opinion of this court, have been enforced, and however she may have made an agreement to convey the said 10 acres to her son, E. W. Winfree, the court has, in the decree in this case, enforced said conveyance and held that the said E. W. Winfree was entitled, in view of the circumstances, to have said 10 acres of land, which had been theretofore occupied by him, and which included his improvements, and which seemed to have been in his possession, undisturbed for quite a length of time.

We have carefully examined this entire record, especially the findings of the court, the conclusions upon the evidence, and in our opinion the appellant has had a fair and impartial trial, and the conclusions of the court, in our opinion, gave to appellant all the

rights to which he was entitled under the facts of this case, and believing, as we do, that the proper judgment has been rendered in this case, and finding no error such as would warrant us in reversing and remanding the case for a new trial, this case is ordered to be in all things affirmed.