**COCHRAN v. MONTEITH. (No. 2270.)**

(Court of Civil Appeals of Texas. Texarkana. May 7, 1920. Rehearing Denied May 20, 1920.)

**Bankruptcy ⬒154—Stockholder of bankrupt corporation, indebted on stock subscription, may not set off debts due him.**

The right of set-off, conferred on bank-rupt's debtor by federal Bankruptcy Act July 1, 1898, § 68 (Comp. St. § 9652), does not ap-ply to the creditor of a bankrupt corporation, who is also a stockholder and indebted to the corporation on an unpaid stock subscription.

Error from District Court, Harris County; J. D. Harvey, Judge.

Suit by W. E. Monteith, trustee, against J. B. Cochran and others. Judgment for plain-tiff, and defendant named brings error. Af-firmed. .

This was a suit by defendant in error, as trustee of the estate of the Brown-Fitzpat-rick Company, bankrupt, against plaintiff in error (and others who need not be named, as they are not parties to the appeal), for the amount unpaid of his subscription to the capital stock of said company, in which judg-ment was rendered against plaintiff in error in favor of defendant in error for $3,420.95.

The case is before this court on an agreed statement substantially as follows:

December 20, 1912, plaintiff in error sub-scribed for $4,300 of said stock, and paid $1,000 on account of his subscription, and aft-erwards paid $458.66 thereon.

About November 5, 1914, said company was adjudged a bankrupt. Defendant in error qualified as trustee of its estate November 27, 1914, and commenced this suit June 24, 1915.

October 16, 1915, the Houston National Ex-change Bank, in a suit by it against said company and defendant in error as the trus-tee of its estate, as the principal, and against plaintiff in error and others, as its sureties, on a promissory note made before said com-pany was adjudged a bankrupt, recovered a judgment for $8,504.43, and plaintiff in er-ror recovered judgment over against said company and defendant in error as trustee for any sum he might pay or be required to pay in satisfaction of said judgment.

November 22, 1915, plaintiff in error paid to said bank on said judgment $2,139.83, which was a valid debt against.said company, and covered by said judgment in his favor over and against said company. The bank filed on behalf of itself and plaintiff in error, as surety aforesaid, proof of its claim on said notes and judgment for the sum of $10,541.69 against said bankrupt estate, and afterwards received June 7, 1915, November 2, 1915, and December 30, 1916, dividends amounting to 25 per cent. of its claim.

July 31, 1914, said company made and de-livered to plaintiff in error its promissory notes, for $242.68 and interest each, due, re-spectively, October 1 and November 1, 1914. The notes were never paid, and represented valid debts of said company.

The indebtedness of said company to plain-tiff in error aggregated $3,055.18 at the date the judgment appealed from was rendered.

If the indebtedness of the company to plaintiff in error, to wit, $3,055.18, were set off against the amount unpaid of plaintiff in error's said subscription, the balance of that subscription remaining unpaid would be $365.77.

The trial court·held, however, that plaintiff in error was not entitled· to have said in-

debtedness of said company to him set off against the claim of defendant in error for the balance of said subscription, and rendered judgment against plaintiff in error in defendant in error's favor for same, to wit, $3,240.95, but without prejudice to the right of plaintiff in error to prove his claim against said company in the bankruptcy proceedings against it.

In said statement it is expressly agreed that defendant in error was entitled to the judgment he recovered against plaintiff in error, unless the latter was entitled to have the amount of said two notes, for $242.68 each, and the $2,139.83 he paid on the judgment in favor of said bank, set off against the balance unpaid of his said stock subscription.

Moody & Boyles, of Houston, for plaintiff in error.

Gill, Jones, Tyler & Potter, G. H. Pendarvis, Fred R. Switzer, Love, Wagner & Wagner, and Elwood Fouts, all of Houston, for defendant in error.

WILLSON, C. J. (after stating the facts as above). The contention of the plaintiff in error is that he was entitled to have the sums he paid on account of the recovery the Houston National Exchange Bank had against him as surety for the Brown-Fitzpatrick Company and the amount of the two notes that company made to him referred to in the statement above set off against the balance remaining unpaid of his subscription to the capital stock of said company. As supporting his contention appellant cites 7 C. J. 143, where it is said that—

"A person who is indebted to the bankrupt is entitled, as against the trustee, to assert and enforce any set-off or counterclaim which he may have and which he might have asserted and enforced as against the bankrupt."

The statement quoted is supported, not only by other authorities cited by plaintiff in error, but by section 68 of the federal bankruptcy act of 1898 (Comp. St. § 9652), as follows:

"In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid."

But, as is said on page 144 of the volume of C. J. cited, the right of set-off conferred by the statute—

"does not apply to a creditor of a bankrupt corporation who is also a stockholder and is indebted to the corporation on an unpaid stock subscription."

The statement just quoted is abundantly supported by the authorities. Sawyer v. Hoag, 84 U. S. (17 Wall.) 610, 21 L. Ed. 731; Kiskadden v. Steinle, 203 Fed. 375, 121 C. C. A. 559; Bausman v. Kinnear, 79 Fed. 172, 24 C. C. A. 473; Handley v. Stutz, 139 U. S. 417, 11 Sup. Ct. 530, 35 L. Ed. 227; In re Howe Mufg. Co. (D. C.) 193 Fed. 524; 1 Cook on Corporations (6th Ed.) § 193; Mathis v. Pridham, 1 Tex. Civ. App. 58, 20 S. W. 1016; Hardware Co. v. Mfg. Co., 86 Tex. 160, 24 S. W. 16, 22 L. R. A. (N. S.) 802; Burleson v. Davis, 141 S. W. 559; Davis v. Burns, 173 S. W. 476.

"The rule," says Mr. Cook in the volume of his work on Corporations cited above, "is founded in equity and public policy," and the "well-established" doctrine, the Supreme Court said in the Sawyer-Hoag Case, "that the capital stock of a corporation, especially its unpaid subscriptions, is a trust fund for the benefit of the general creditors of the corporation." "A stockholder, who is also a creditor of a corporation," said the court in the Bausman-Kinnear Case, "has no right to set-off as against his unpaid subscription, after the corporation has become insolvent, and a suit in equity has been brought to wind up its affairs and distribute its assets. The unpaid stock is held to be a trust fund for the purpose of paying the debts of the corporation, and as such it must be distributed among the creditors pro rata. The debt due to a stockholder is entitled to no preference over other debts, and he cannot require its payment by way of set-off to the exclusion or postponement of other claims. The reason usually assigned for this rule is that the debt owing by the stockholder to the corporation after insolvency and that owing from the corporation to him are not in the same right, the former being a debt payable to a trust fund. The decisions upon this proposition appear to be unanimous."

The judgment is affirmed.