**SQUARE 67 DEVELOPMENT CORPORATION, Appellant,**

v.

**RED OAK STATE BANK, Appellee.**

No. 5814.

Court of Civil Appeals of Texas, Waco.

Nov. 30, 1977.

Rehearing Denied Dec. 22, 1977.

Stephen B. Early, Longview, for appellant.

Jonathan H. Allen, Lancaster, for appellee.

HALL, Justice.

This suit was filed on December 27, 1976, in the name of Square 67 Development Corporation against Red Oak State Bank for the recovery of $22,375.00 allegedly converted by the defendant Bank, and for exemplary damages. The suit was brought on behalf of the plaintiff corporation by the Honorable Stephen B. Early of the law firm of Roberts, Harbour, Smith, Harris, French & Ritter, of Longview, Texas. Defendant Bank filed a motion under Rule 12, Vernon's Tex.Rules Civ.Proc., to require Mr. Early to show his authority for instituting this suit on behalf of Square 67 Development Corporation, and, upon his failure to do so, for dismissal. The motion was heard by the court without a jury on June 21, 1977. Early was the only attorney who appeared at the hearing on behalf of plaintiff corporation. After the hearing the case was dismissed. This appeal is prosecuted from that order.

Rule 12 contains the following pertinent provisions:

"Any defendant in any suit or proceeding pending in any court of this state may, by sworn written motion stating that such defendant believes that such suit or proceeding was instituted against him or is being prosecuted against him without authority on the part of the plaintiff's attorney, cause such attorney to be cited to appear before such court and show his authority for same. . . . Upon the hearing of such motion, the burden of proof shall be upon the attorney appearing for the plaintiff to show sufficient authority from the plaintiff in such suit or proceeding to institute or prosecute the same. Upon his failure to show such authority, the court shall refuse to permit such attorney to appear in said cause, and shall dismiss the same if no person who is authorized to prosecute said cause appears. . . . ."

The following facts are undisputed in the record. This suit was filed at the instance of James B. Schubiger, who was and is plaintiff corporation's president. It was he who determined to bring this suit and who employed Early to file it. In December, 1976, when the suit was filed, the corporation had a Board of Directors. The Directors did not authorize the filing of this suit nor the employment of Early by Schubiger. On April 20, 1977, at a special meeting of the Directors, a resolution was adopted which stated in its opening paragraph, "that Stephen Early, Attorney or his law firm does not represent, nor has he had the authority to represent, Square 67 Development Corporation, and that any acts upon his part on behalf of Square 67 Development Corporation are hereby considered null and void, and that all acts of J. B. Schubiger as President of Square 67 Development Corporation which have not been confirmed or agreed to by the Board of Directors of Square 67 Development Corporation by Resolution are hereby voided and shall not be binding upon said Corporation." All three members of the Board of Directors were present at the special meeting when the resolution was adopted. They were Schubiger, Cecil R. Owens (who was and is plaintiff corporation's vice-president and secretary), and Robert H. Hughes. Owens and Hughes voted for the resolution, and Schubiger voted against it.

There is no evidence of any express or implied powers granted to Schubiger under the corporate bylaws or delegated to him by the board of directors other than the fact that he was appointed president of the corporation.

It is asserted that simply by virtue of his office as president of plaintiff corporation Schubiger was empowered to employ Early and prosecute this suit. There is a division of authority on this question among the jurisdictions. 19 C.J.S. Corporations § 1066, p. 604; 19 Am.Jur.2d 611, Corporations, § 1190. The following cases are cited to us as supporting the proposition in Texas: *Dallas Ice-Factory & Cold-Storage Co. v. Crawford*, 18 Tex.Civ.App. 176, 44 S.W. 875 (1898, no writ); *Bankers' Trust Co. v. Cooper, Merrill & Lumpkin*, 179 S.W. 541 (Tex. Civ.App.—Amarillo 1915, no writ); and *Hackney v. York*, 18 S.W.2d 923 (Tex.Civ. App.—Beaumont 1929, no writ). The ques-

tion before the courts in each of these cases was the liability of the corporation for attorneys' fees for services rendered to the company by the claimant attorney. The holdings were that under corporate bylaws granting broad powers to a president and general manager to run the company business they may be authorized to employ an attorney to represent the corporation in litigation or to generally advise it in legal matters pertaining to the corporate business without prior approval of the directors; and that under proper circumstances a corporation can be estopped to deny the employment of the attorney when he sues for his fees. These holdings do not support the rule that the president of a corporation is authorized solely by reason of his office to initiate litigation on behalf of the company and employ legal counsel for that purpose.

We believe the question is answered in Texas by statute. Articles 2.31 and 2.42, V.A.T.S. Bus.Corp.Act, provide in pertinent parts that "The business and affairs of a corporation shall be managed by a board of directors" and that "All officers and agents of the corporation, as between themselves and the corporation, shall have such authority and perform such duties in the management of the corporation as may be provided in the bylaws, or as may be determined by resolution of the board of directors not inconsistent with the bylaws." It is our view that under these statutes the president of a corporation is not authorized to employ an attorney to conduct litigation for the company absent express authority or implied authority (such as entrustment with broad powers of management of the corporate business) set forth in the bylaws or by proper action of the board of directors.

In any event, if it should be presumed that simply by reason of his presidency Schubiger was authorized to employ an attorney to prosecute this suit, the presumption was directly rebutted by the resolution of the Directors denying such authority. Early concedes this is true if the resolution is valid, but he asserts invalidity on these two theories: (1) After the disavowal of authority by Early and Schubiger to prosecute this suit, the remainder of the resolution is concerned only with granting sole authority for the management and operation of plaintiff corporation to Owens which constitutes an abandonment of responsibility the Directors could not legally make; and (2) Owens was legally disqualified from voting on the resolution because he had a personal, financial interest in the matter, and therefore the vote on the resolution was a 1–1 deadlock.

The denial of Early's right to bring this suit or to continue to prosecute it was unquestionably within the authority of the Directors. We do not agree that the denial would be of no effect if other actions taken by the Directors in the resolution should be invalidated. The argument is made that the disavowal was simply a part of the single purpose of the resolution to vest control of the corporation in Owens, but the record does not establish that fact or that the vote of either Owens or Hughes to deny Early's authority was based upon the validity of the remainder of the resolution.

We need not detail the proof relating to Owens's qualification to vote on the resolution. The over-all import of the evidence is a fight between Schubiger and Owens for control of plaintiff corporation and its assets. At most, only a fact question is raised as to Owens's qualification. Under the record this question was impliedly resolved by the trial court in support of the order of dismissal.

The judgment is affirmed.