**CITY OF ABILENE et al., Appellants,**

v.

**Arthur L. YOUNG et al., Appellee.**

**No. 5529.**

Court of Civil Appeals of Texas,
Eastland.

Dec. 11, 1980.

Ronald H. Clark, Abilene, for appellants.

Charles L. Black, Scarborough, Black, Tarpley & Scarborough, Abilene, for appellee.

McCLOUD, Chief Justice.

The City of Abilene, Abilene Independent School District, and West Central Texas Municipal Water District sued Arthur and Raymond Young on September 16, 1963 in Justice Court for delinquent personal property ad valorem taxes. Arthur Young was served with citation on February 17, 1964. Raymond Young was not served until January 8, 1980. The defendants filed their original answer on January 21, 1980. The Justice Court entered a summary judgment on February 27, 1980 for plaintiffs. Both parties appealed to the County Court at Law. Following a trial de novo, the County Court at Law entered judgment that "... Defendants' Motion to Dismiss be granted, and that the Plaintiffs, City of Abilene, et al., take nothing against the defendants." Plaintiffs appeal.

It is improper to dismiss a suit, and at the same time purport to decide the merits. We will construe the court's order as dismissing the plaintiffs' suit for want of prosecution.

4 McDonald, Texas Civil Practice § 17.18 (1971), provides:

A party who files a claim for affirmative relief, whether in a petition, answer, intervention, or other pleading, must prosecute his claim to judgment with reasonable diligence. If he fails to do so, the court has inherent power to dismiss his claim for want of prosecution....

See also: *Veterans' Land Board v. Williams,* 543 S.W.2d 89 (Tex.1976); *Bevil v. Johnson,* 157 Tex. 621, 307 S.W.2d 85 (1957); *Pollok v. McMullen Oil & Royalty Co.,* 383 S.W.2d 837 (Tex.Civ.App.—San Antonio 1964, writ ref'd); *Petroleum Refining Company v. McGlothlin,* 429 S.W.2d 676 (Tex. Civ.App.—Eastland 1968, writ ref'd n. r. e.).

24 Am.Jur.2d, Dismissal, Discontinuance, and Nonsuit § 60 states:

In the exercise of its inherent power to dismiss a case for failure to prosecute with due diligence, the trial court may dismiss an action where there has been a failure, for an unreasonable period of time after the filing of the complaint, to have the summons issued....

See also: *Denton County v. Brammer*, 361 S.W.2d 198 (Tex.1962); *Texas Resources, Inc. v. Diamond Shamrock Corp.*, 584 S.W.2d 522 (Tex.Civ.App.—Beaumont 1979, no writ).

■ Plaintiffs argue that Tex.Rev.Civ. Stat.Ann. art. 7329 (Vernon 1960)[1] prevents defendants from asserting that plaintiffs failed to prosecute their claim to judgment with reasonable diligence. We disagree. Our Supreme Court in *City of Waco v. Owens*, 442 S.W.2d 324 (Tex.1969), expressly held that a taxpayer could assert that the taxing authority had abandoned its claim by not prosecuting its suit to conclusion with reasonable diligence.

■ Plaintiffs also argue that defendants' failure to answer for approximately sixteen years deprives them of asserting want of prosecution. Plaintiffs rely upon language found in *Callahan v. Staples*, 139 Tex. 8, 161 S.W.2d 489 (1942) wherein the court in discussing the "discontinuance" rule stated that "(W)here the defendant in a suit is called to answer and has responded to the call, the duty devolves on the plaintiff to proceed in prosecuting the suit to a conclusion with reasonable diligence...." We fail to see any significance in whether or not the defendant has filed an answer. We do not consider the language relied upon by plaintiffs to be controlling. Delay impedes justice, and frustrates the fact finding process. These inherent evils occur whether or not the defendant has filed an answer. See *Southern Pacific Transportation Company v. Stoot*, 530 S.W.2d 930 (Tex.1975).

Plaintiffs have failed to show that the court clearly abused its discretion. The court's order dismissing plaintiffs' suit is affirmed. That portion of the court's judgment stating, "that the Plaintiffs, City of Abilene, et al., take nothing against the defendants" is of no effect.

1. There shall be no defense to a suit for collection of delinquent taxes, as provided for in this chapter except:
   1. That the defendant was not the owner of the land at the time the suit was filed.

2. That the taxes sued for have been paid, or
   3. That the taxes sued for are in excess of the limit allowed by law, but this defense shall apply only to such excess.