Roy HEINE, Jr., Appellant,

v.

Clarence SCHENDEL, Appellee.

No. 13–89–025–CV.

Court of Appeals of Texas,
Corpus Christi.

Sept. 6, 1990.

Rehearing Overruled Oct. 18, 1990.

Robert P. Houston and Brenda J. Heinold, Houston, Marek & Griffin, Victoria, for appellant.

Dean W. Greer and Steven G. Cennamo, Waitz, Greer, Harrell & Cennamo, San Antonio, for appellee.

Before SEERDEN, UTTER and KENNEDY, JJ.

## OPINION

SEERDEN, Justice.

This is a usury case. Roy Heine, Jr. appeals from an adverse judgment rendered in favor of Clarence Schendel who, Heine alleged, charged him a usurious rate of interest in the form of a price reduction for services rendered. We affirm the judgment of the trial court.

Heine was in the business of providing bulldozing services; he had done occasional work for Schendel. In late 1982, Heine decided to purchase a newer, larger, bulldozer to increase his productivity and to expand his business. After he was unable to obtain the appropriate financing, he approached Schendel and explained his plight. Schendel agreed to loan Heine $55,000.00 to purchase a D–8 bulldozer and other equipment. Schendel borrowed the money from his bank and gave Heine a check with which Heine paid for the bulldozer and equipment.

A written agreement was entered into by Heine and Schendel on April 7, 1983. This agreement described the equipment that was purchased, the amounts being paid, and showed the "total note" to be $55,000.00. It recited that Schendel was financing the equipment for Heine, that Heine was to make monthly payments at variable interest, and that when the equipment was paid off it would be the sole property of Heine's. In addition to other provisions, the agreement provided that "in consideration of Dick Schendel financing the above mentioned equipment ... Heine agrees to do Dick Schendel's ranch work at the rate of $40.00 per hour until the equipment is fully paid off." It further provided that "this $40.00 per hour rate is based on a cost of labor to operate and the present cost of fuel and oil, and does not cover cost of maintenance or insurance."

Heine filed suit alleging that the $40.00 hourly rate was one-half what he normally charged and was a scheme or device whereby Schendel was to receive additional consideration or interest for financing the bulldozer, that the interest charged or received by Schendel was more than twice the maximum amount of interest allowed by law, and that consequently he was entitled to recover all penalties provided by law.

Trial was to a jury. The evidence showed that from March 31, 1983 to February 26, 1986, Heine made payments to Schendel under the terms of the contract. On February 21, 1986, Heine made a payment to Schendel in the amount of $36,041.60, which he believed reflected the amount necessary to pay off the note.

In addition, the evidence showed that during the relevant time period, March 31, 1983 to February 26, 1986, appellant performed 1,948.5 hours of bulldozing work for appellee for which he was paid $77,940.00, which amounts to $40.00 per hour. Heine testified that the $40.00 charge was one-half his normal rate.

Moreover, M.C. Whitehead, an attorney that Schendel had consulted, wrote, in connection with this dispute, a letter to appellant demanding the payment of additional sums that Heine argued were also usurious.

Schendel testified that he was unaware of appellant's customary charge for dozer work, that he had difficulty at times in finding a bulldozer operator, and that the purpose of the agreement with appellant was to have someone to do his work at a reasonable rate. Both Schendel and attorney Whitehead testified that Whitehead was not authorized by Schendel to demand additional money from Heine.

In answer to Special Issue Number One, the jury found that the total amount of interest Schendel charged and/or received from Heine under the contract was $18,499.99. This answer effectively rejected appellant's chief claim that Schendel had

received a $40.00 per hour discount on the work performed and that this amount was usurious interest. In answer to Special Issue Number Two, the jury failed to find that attorney Whitehead was acting within the course and scope of his authority as attorney for Schendel when he wrote Heine demanding payment of additional sums. The jury made several other findings which need not be discussed in determining this appeal. Based on the jury verdict, judgment was entered for Schendel.

Heine brings thirteen points of error and Schendel presents ten counterpoints.

■ By his first two points of error, appellant asserts that the price reduction contained in the contract is interest as a matter of law and therefore should have been included in the answer to Special Issue Number One and that the jury's answer to this issue is against the great weight and preponderance of the evidence.

■ Interest is defined as the compensation allowed by law for the use, forbearance, or detention of money. Tex.Rev.Civ. Stat.Ann. art. 5069–1.01(a) (Vernon 1987). Usury is defined as interest in excess of the amount allowed by law. Tex.Rev.Civ. Stat.Ann. art. 5069–1.01(d) (Vernon 1987). In interpreting an alleged usurious contract, when the contract, by its terms, construed as a whole, is doubtful or even susceptible of more than one reasonable construction, the court should adopt the construction which comports with legality. *Smart v. Tower Land and Inv. Co.*, 597 S.W.2d 333, 340–341 (Tex.1980); *Belzung v. Capital Bank*, 598 S.W.2d 14, 16 (Tex.Civ. App.—Dallas 1980, writ ref'd n.r.e.).

In *W.E. Grace Manufacturing Co. v. Levin*, 506 S.W.2d 580, 584 (Tex.1974), a contract to pay a fixed charge for an uncertain period of time based upon a contingency recited in the contract was held not usurious merely because there was a possibility that more than legal interest might be paid, since the contingency upon which the payment was based was reasonable. Here, the contract recited that the $40.00 hourly charge was based on the cost of labor, fuel and oil. In light of this provision, as well as the testimony of appellee concerning the reasons for the contract provisions regarding the charge for appellant's service, we cannot say as a matter of law that the contract provisions were unreasonable and that the performance of such services constituted usurious interest as a matter of law or that the failure to include the sum suggested by appellant as interest was against the great weight and preponderance of the evidence. Appellant's points one and two are overruled.

■ By his third and fourth points of error, appellant asserts that the trial court erred in rendering judgment on the basis of the jury's answer to Special Issue Number Two, that attorney Whitehead was not in the scope of his employment when he sent the letter dated October 15, 1987, because this was established as a matter of law. Alternatively, he asserts that the jury's finding was against the great weight and preponderance of the evidence. While an attorney is a special agent and his powers and authority are confined to those necessary to the proper fulfillment of the duties cast upon him by his employment, if he exceeds his authority, absent ratification, the principal is not bound. *Hotel Longview v. Pittman*, 276 S.W.2d 915, 919 (Tex.Civ. App.—Texarkana 1955, writ ref'd n.r.e.).

Whitehead testified as follows:

A. (by Whitehead) When I wrote the letter on October 15, Mr. Schendel had told me to offer them, if they would bring back the stacker, the whole thing would be forgotten.

Q. So, you did not have authority to demand the $3,330.00 and you did not have the authority to demand $28,000.00 in damages for the work; is that correct?

A. That is correct. And—

Q. Now, were you acting within the scope of your authority when you made the demand for $28,000.00 and you made the demand for $3,330.78?

A. Mr. Schendel had never asked me to say anything about the $28,000.00.

Q. Is your response no then?

A. That's correct.

Whitehead further testified that Schendel had told him that he was tired of the situation and instructed Whitehead to tell

the Heines' that if they returned the stacker, then "that will be the whole thing, and forget about it." Further, Whitehead testified that he came up with the figure of $28,000.00, that he and his partner came up with the figure of $3,330.78, and that Schendel did not know that the letter was written at the time that it was. Applying the foregoing evidentiary review standards, we find that the evidence adduced at trial was legally and factually sufficient to support the jury's answer. Appellant's third and fourth points are overruled.

By points of error numbers five through eleven, Heine attacks the sufficiency of the evidence to support the jury's answers to Special Issues Number Three, Four, and Six. The jury found in these issues that the amount of interest charged in Whitehead's letter was $3,330.78, that the amount charged as a result of bona fide error was $440.78, and that Heine had waived his usury claim against Schendel. Because we have determined that the jury's finding that Whitehead was not within the scope of his employment when he sent the demand letter to Heine, anything charged in the letter could not be attributed to Schendel. *Hotel Longview*, 276 S.W.2d at 919. Therefore, it is unnecessary to discuss the points concerning Whitehead's actions. Likewise, a discussion of the waiver question is unnecessary because we have determined that no interest was charged; Heine could not have waived a claim that he did not have. Points five through eleven are overruled.

By points of error twelve and thirteen, Heine attacks the sufficiency of the evidence to support the jury's award of attorney fees. Since Heine is not the prevailing party in this case, a discussion of these points is also unnecessary. Points twelve and thirteen are also overruled, and because of our determination of these points, we overrule Schendel's crosspoints as moot. *See* Tex.R.App.P. 90(a). The judgment is affirmed.

UTTER, J., not participating.