TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-00-00178-CV







Seacoast, Inc., Appellant



v.



Chuck LaCouture d/b/a Cactus Energy; Michael Wayne Briggs;


and Briggs Cockerham, L.L.C., Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 97-05423, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING







 Seacoast, Inc. ("Seacoast") appeals from a summary judgment that it take nothing
by its bill of review to set aside a no-answer default judgment. Defendants in the bill-of-review
action, appellees here, are Chuck LaCouture "d/b/a Cactus Energy" ("LaCouture"), Briggs-Cockerham, L.L.C. ("Cockerham"), and Michael W. Briggs ("Briggs"). We will reverse the
summary judgment and vacate the default judgment.


THE CONTROVERSY


 The material facts are undisputed and established by the summary-judgment record.

Seacoast is a corporation organized and existing under the laws of the State of Texas. In
November 1995 Seacoast entered into a contract with an agency of the Bolivian government to
supply the agency with electric power. At the time, Cockerham owned all the outstanding shares
of capital stock issued by Seacoast. Briggs, a Cockerham principal, occupied at the time three
positions in Seacoast: (1) member of the board of directors; (2) president of the corporation; and
(3) Seacoast's registered agent for service of process.

 Cockerham sold to a Virginia company all the outstanding shares in Seacoast.(1) The
new shareholder (the Virginia company) elected a new board of directors which in turn appointed
new officers of Seacoast, replacing Briggs and other former officers of the corporation.(2) Although
Briggs was thus removed as a director and officer of Seacoast, he was never replaced as the
corporation's registered agent for service of process.

 Seacoast undertook performance of the Bolivian-government contract and on March
18, 1996, commenced supplying electric power to the government agency. On March 22, 1996,
LaCouture sued Seacoast, Briggs, and Cockerham to recover for work allegedly done for Seacoast
plus forty percent of the net profits realized from the government contract. The latter claim is
rendered somewhat uncertain by the fact that in April 1996, the Bolivian government agency
defaulted in its payment obligation and purported to cancel its contract with Seacoast.

 LaCouture's action was assigned cause number 96-03409 in the trial court. Service
of citation upon Seacoast was effected by delivery to Briggs, who had remained Seacoast's
registered agent for service of process although his other connections with the corporation had
been severed. Briggs never informed Seacoast of LaCouture's suit against the corporation. As
a result, Seacoast never filed an answer in cause number 96-03409. Nor did Briggs or
Cockerham. After answer day had passed, LaCouture obtained a default judgment against
Seacoast, Briggs, and Cockerham, signed by Judge Paul Davis on May 24, 1996.(3)

 Briggs engaged attorney Edward G. Garvey to represent all three
defendants--Seacoast, Briggs, and Cockerham--and to file a motion for new trial in the cause. The
trial judge denied the timely filed motion on August 15, 1996. Briggs engaged another attorney
to appeal from the default judgment to this Court. In an unpublished opinion, we affirmed the
judgment in part and reversed it in part, affirming the defendants' liability, but remanding to the
trial court the issues of damages and attorney's fees. Seacoast, Inc. v. LaCouture, No. 03-96-00506-CV (Tex. App.--Austin Jan. 29, 1998, pet. denied) (not designated for publication), 1998
Tex. App. Lexis 505. The issues now on appeal were not involved in our previous decision.

 The parties agree that Briggs never informed Seacoast of the lawsuit against the
corporation, the default judgment, or the motion for new trial. It is also undisputed that Briggs
possessed no authority to act for Seacoast except as registered agent for service of process. In
particular, the parties agree that Briggs had no authority to engage Garvey to represent Seacoast
in connection with the motion for new trial that Garvey filed in Seacoast's behalf.

 On or about October 16, 1996, Seacoast discovered by chance the existence of the
default judgment. In May 1997 Seacoast sued LaCouture in the present cause to set aside the
default judgment rendered in cause number 96-03409. Seacoast's suit was given cause number
97-05423, the cause now before us in this appeal. LaCouture and Seacoast filed opposing motions
for summary judgment in cause number 97-05423. Judge Lora Livingston signed on December
7, 1999, a summary judgment that Seacoast take nothing by its bill of review, thus sustaining
LaCouture's motion while denying Seacoast's motion for such relief.(4) Seacoast has appealed on
three assignments of error.


BILLS OF REVIEW


 A bill of review is an independent action in equity brought by a party to a former
action to set aside a judgment rendered therein, which is not void on the face of the record and
which has become final by reason of the expiration of the periods allowed for motions for new trial
and appeals. See generally 5 McDonald Texas Civil Practice § 29:6, at 266-69 (1992). The
action is designed to prevent manifest injustices. French v. Brown, 424 S.W.2d 893, 895 (Tex.
1967). "The proceeding being equitable in nature, the courts may properly give consideration to
any circumstance which, being wholly beyond the control of the petitioner, presents a compelling
factual reason for re-examining the [former] judgment." 5 McDonald Texas Civil Practice
§ 29:15, at 293 (emphasis added). A bill-of-review proceeding is not, however, all sail and no
anchor. It is governed by rules designed to accommodate the competing public policy that
judgments must, at some point, become final. Alexander v. Hagedorn, 226 S.W.2d 996, 998
(Tex. 1950).

 The rules are familiar. The petitioner must allege and prove: (1) a meritorious
defense to the cause of action that produced the judgment assailed; (2) which the petitioner was
prevented from making by the fraud, accident, or wrongful act of the opposite party; (3) unmixed
with any fault or negligence on the petitioner's part. Id. 

 The second element is generally referred to as "extrinsic fraud," meaning a wrongful
act committed "by the other party to the suit," which prevented the petitioner from presenting his
case. Id. at 1001; State v. Wright, 56 S.W.2d 950, 952 (Tex. Civ. App.--Austin 1933, no writ). 
This element has been modified to the extent that where an officer or functionary of the court
supplies erroneous information or fails to perform a duty which prevents the filing of a motion for
new trial by the losing party in the former action, the petitioner for bill of review is excused from
complying with the second element of Hagedorn. Gracey v. West, 422 S.W.2d 913, 915-16 (Tex.
1968); Hanks v. Rosser, 378 S.W.2d 31, 34 (Tex. 1964). This "official mistake" exception to
Hagedorn requires that the petitioner allege and prove: (1) a meritorious defense to the former
action; (2) official misinformation or failure prevented the petitioner's interposing a meritorious
defense in a timely motion for new trial; (3) the failure to raise such defense was not intentional
nor the result of conscious indifference; and (4) no injury will result to the opponent by delay in
the trial. Petro-Chem. Transp., Inc. v. Carroll, 514 S.W.2d 240, 244 (Tex. 1974); cf. Craddock
v. Sunshine Bus Lines Inc., 133 S.W.2d 124, 126 (Tex. 1939). Whether Briggs or Garvey were
officers or functionaries of the court who made an official mistake is the sole and controlling issue
on appeal.


THE SUMMARY JUDGMENT


 Seacoast alleged its failure to raise its meritorious defenses, in the motion for new
trial filed in cause number 96-03409, was caused by the wrongful acts of Briggs, Seacoast's
registered agent for service of process, and Garvey, the corporation's putative attorney. 
Concerning Garvey, Seacoast alleged as follows:


Garvey, as an officer of the court, purported to make an appearance and file
pleadings on behalf of Seacoast. He did so under the mistaken belief that he was
authorized to represent Seacoast. The pleadings that he filed misstated the facts
relevant to Seacoast and mistakenly failed to raise meritorious arguments available
to Seacoast. These mistakes led directly to the denial of the motion for new trial
and the continued existence of the default judgment. But for Garvey's mistakes,
Seacoast would have learned of the judgment in time to present a motion for new
trial and the default judgment would have been set aside.


The mistakes by Garvey, an officer of the court, justify an order granting this bill
of review and setting aside the default judgment.



 LaCouture moved for summary judgment on one ground only: that Seacoast had
alleged no misconduct on LaCouture's part, but only misconduct by Briggs and Garvey; and they
were not opposite parties but rather Seacoast's own agent and attorney. And, LaCouture urged,
"[t]he fraudulent acts of one's own agent or lawyer which result in a default judgment do not
constitute 'extrinsic fraud' as a matter of law." Transworld Fin. Servs. Corp. v. Briscoe, 722
S.W.2d 407, 408 (Tex. 1987). This is the sole basis for the trial court judgment.

SEACOAST'S APPEAL


 In its first assignment of error, Seacoast contends the trial court erred in denying
the corporation's bill of review as a matter of law. Under that rubric, Seacoast contends
LaCouture's motion for summary judgment should have been denied and Seacoast's opposing
motion granted, based on the summary-judgment record showing wrongful conduct by Briggs as
registered agent and by Garvey as an officer of the court. We will sustain the assignment of error
as to Garvey but not as to Briggs. Consequently, we need not inquire concerning Seacoast's two
remaining assignments of error.

 Essential to the summary judgment recovered by LaCouture is the proposition that
Garvey was in fact Seacoast's attorney, thus bringing the case within the clear holding of
Transworld. The opposite is shown by the summary-judgment record. LaCouture agrees the
material facts are undisputed and does not quarrel with the statement in Seacoast's brief asserting
that "Briggs had absolutely no authority to retain counsel [Garvey] for Seacoast." And if Briggs
lacked such authority, we believe it follows as a matter of law that Garvey was never Seacoast's
"own lawyer" in the words of Transworld. We reason as follows:

 The relationship of attorney and client requires the agreement of both the attorney
and the client. Parker v. Carnahan, 772 S.W.2d 151, 156 (Tex. App.--Texarkana 1989, no writ). 
Nothing in the record shows such an agreement or contract between Seacoast and Garvey.(5) Far
from showing ratification of Briggs's unauthorized act of hiring Garvey to represent the
corporation, the undisputed evidence shows that Seacoast repudiated the act by engaging another
attorney on learning of the default judgment and motion-for-new-trial proceeding. See Heine v.
Schendel, 797 S.W.2d 278, 280 (Tex. App.--Corpus Christi 1990, writ ref'd n.r.e.). We hold,
therefore, that the record shows as a matter of law that Garvey was never Seacoast's attorney.

 We turn then to whether the record demonstrates as a matter of law an official
mistake by Garvey, as an officer of the court, that prevented Seacoast from presenting its
meritorious defenses on motion for new trial in the former action. See Baker v. Goldsmith, 582
S.W.2d 404, 407 (Tex. 1979). Although Garvey was not Seacoast's lawyer, he represented
Briggs and Cockerham in the former litigation and he was an officer of the court. "Attorneys are
officers of the Court. . . . As a result, the courts must always carefully examine every situation
involving members of the profession." Dow Chem. Co. v. Benton, 357 S.W.2d 565, 567 (Tex.
1962). It has been held without discussion that an attorney who undertakes to represent a litigant
without consent or authority need not be charged with fraud; the mere fact that the attorney acted
without authority is sufficient to set aside the former judgment. See Winfree v. Winfree, 195 S.W.
245, 249-50 (Tex. Civ. App.--Beaumont 1917, writ ref'd). We will add the following: because
Briggs had (without authority) engaged Garvey to represent Seacoast as well as Briggs and
Cockerham, Garvey came under a duty to obtain Seacoast's consent to that multi-client
arrangement. See Tex. Disciplinary R. Prof'l Conduct 1.08(e)(1), reprinted in Tex. Govt. Code
Ann. tit. 2, subtit. G app. A (West 1998) (Tex. State Bar R. art. X, § 9). This appears especially
to be the case in light of the adverse and hostile interests that arose between Briggs and Seacoast
owing to Briggs's failure to discharge the primary duty of a registered agent--notifying his
principal of the pending litigation.(6) See id. 1.06(b), (c); Triad Contractors, Inc. v. Kelly, 809
S.W.2d 683, 686 (Tex. App.--Beaumont 1991, writ denied). Had Garvey discharged these duties
properly, by disclosing the former litigation to Seacoast and obtaining the corporation's consent
to Garvey's acting as Seacoast's attorney, the corporation would necessarily have received actual
notice of the lawsuit pending against it and the existence of the default judgment. It is undisputed
that Garvey did not obtain Seacoast's consent before purporting to represent the corporation.

 We hold the trial court abused its discretion because the summary-judgment record
establishes, as a matter of law, that Seacoast was prevented from raising its meritorious defense,
in the motion-for-new-trial proceeding, by the failure of a court officer to discharge his duties. 
Cf. Petro-Chem. Transp., Inc., 514 S.W.2d at 244 (court clerk's failure to send notice required
by rule); Laredo v. Threadgill, 686 S.W.2d 734, 735 (Tex. App.--San Antonio 1985, no writ)
(court clerk's failure to send notice required by rule); Buddy "L," Inc. v. General Trailer Co., 672
S.W.2d 541, 544-45 (Tex. App.--Dallas 1984, writ ref'd n.r.e.) (opposing attorney's failure to
furnish petitioner's last-known address as required by rule).



 We therefore reverse the summary judgment in cause number 97-05423 and,
rendering the judgment the trial court should have rendered, vacate the judgment in cause number
96-03409. See Tex. R. App. P. 43.2(c).



 

 John E. Powers, Justice

Before Justices Jones, Patterson and Powers*

Reversed and Rendered

Filed: December 21, 2000

Do Not Publish


















* Before John E. Powers, Senior Justice, (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).

1. The purchaser of the Seacoast shares was a Virginia company named "Seacoast Power,
L.L.C." To avoid confusion, we do not name the purchaser in the text. The sale of the shares
changed only the ownership of the shares; the corporate status of Seacoast, the Texas corporation,
did not change.
2. Ronald W. Watkins and Peter C. Christman became the sole directors of Seacoast. The
new Seacoast officers were Watkins (president and secretary), Christman (vice-president and
treasurer), and Ivor Massey (vice-president).
3. The trial-court judgment ordered that LaCouture recover from Seacoast, Briggs, and
Cockerham, jointly and severally, over nineteen million dollars in damages and seven million
dollars in attorney's fees.
4. The summary judgment orders that Seacoast take nothing and that its suit be "dismissed
with prejudice." This is, of course, an oxymoron. See Abilene v. Young, 610 S.W.2d 816 (Tex.
Civ. App.--Eastland 1980, no writ). Because the record suggests no basis for a dismissal, we
construe the judgment to be simply a take-nothing judgment.
5. The general rule is that a corporation must authorize the hiring of an attorney by
resolution or other action of the board of directors; a corporate by-law or a board delegation of
the power to a corporate officer may, of course, provide to the contrary. See Square 67 Dev.
Corp. v. Red Oak State Bank, 559 S.W.2d 136, 138 (Tex. Civ. App.--Waco 1977, writ ref'd
n.r.e.). Nothing in the present case takes it out of the general rule for purposes of this litigation.
6. Garvey did not divulge, in the motion-for-new-trial proceeding, that Briggs had never
informed Seacoast of any aspect of the litigation in cause number 96-0345.


l Conduct 1.08(e)(1), reprinted in Tex. Govt. Code
Ann. tit. 2, subtit. G app. A (West 1998) (Tex. State Bar R. art. X, § 9). This appears especially
to be the case in light of the adverse and hostile interests that arose between Briggs and Seacoast
owing to Briggs's failure to discharge the primary duty of a registered agent--notifying his
principal of the pending litigation.(6) See id. 1.06(b), (c); Triad Contractors, Inc. v. Kelly G app. A (West 1998) (Tex. State Bar R. art. X, § 9). This appears especially
to be the case in light of the adverse and hostile interests that arose between Briggs and Seacoast
owing to Briggs's failure to discharge the primary duty of a registered agent--notifying his
principal of the pending litigation.(6) See id. 1.06(b), (c); Triad Contractors, Inc. v. Kelly



v.



Chuck LaCouture d/b/a Cactus Energy; Michael Wayne Briggs;


and Briggs Cockerham, L.L.C., Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 97-05423, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING







 Seacoast, Inc. ("Seacoast") appeals from a summary judgment that it take nothing
by its bill of review to set aside a no-answer default judgment. Defendants in the bill-of-review
action, appellees here, are Chuck LaCouture "d/b/a Cactus Energy" ("LaCouture"), Briggs-Cockerham, L.L.C. ("Cockerham"), and Michael W. Briggs ("Briggs"). We will reverse the
summary judgment and vacate the default judgment.


THE CONTROVERSY


 The material facts are undisputed and established by the summary-judgment record.

Seacoast is a corporation organized and existing under the laws of the State of Texas. In
November 1995 Seacoast entered into a contract with an agency of the Bolivian government to
supply the agency with electric power. At the time, Cockerham owned all the outstanding shares
of capital stock issued by Seacoast. Briggs, a Cockerham principal, occupied at the time three
positions in Seacoast: (1) member of the board of directors; (2) president of the corporation; and
(3) Seacoast's registered agent for service of process.

 Cockerham sold to a Virginia company all the outstanding shares in Seacoast.(1) The
new shareholder (the Virginia company) elected a new board of directors which in turn appointed
new officers of Seacoast, replacing Briggs and other former officers of the corporation.(2) Although
Briggs was thus removed as a director and officer of Seacoast, he was never replaced as the
corporation's registered agent for service of process.

 Seacoast undertook performance of the Bolivian-government contract and on March
18, 1996, commenced supplying electric power to the government agency. On March 22, 1996,
LaCouture sued Seacoast, Briggs, and Cockerham to recover for work allegedly done for Seacoast
plus forty percent of the net profits realized from the government contract. The latter claim is
rendered somewhat uncertain by the fact that in April 1996, the Bolivian government agency
defaulted in its payment obligation and purported to cancel its contract with Seacoast.

 LaCouture's action was assigned cause number 96-03409 in the trial court. Service
of citation upon Seacoast was effected by delivery to Briggs, who had remained Seacoast's
registered agent for service of process although his other connections with the corporation had
been severed. Briggs never informed Seacoast of LaCouture's suit against the corporation. As
a result, Seacoast never filed an answer in cause number 96-03409. Nor did Briggs or
Cockerham. After answer day had passed, LaCouture obtained a default judgment against
Seacoast, Briggs, and Cockerham, signed by Judge Paul Davis on May 24, 1996.(3)

 Briggs engaged attorney Edward G. Garvey to represent all three
defendants--Seacoast, Briggs, and Cockerham--and to file a motion for new trial in the cause. The
trial judge denied the timely filed motion on August 15, 1996. Briggs engaged another attorney
to appeal from the default judgment to this Court. In an unpublished opinion, we affirmed the
judgment in part and reversed it in part, affirming the defendants' liability, but remanding to the
trial court the issues of damages and attorney's fees. Seacoast, Inc. v. LaCouture, No. 03-96-00506-CV (Tex. App.--Austin Jan. 29, 1998, pet. denied) (not designated for publication), 1998
Tex. App. Lexis 505. The issues now on appeal were not involved in our previous decision.

 The parties agree that Briggs never informed Seacoast of the lawsuit against the
corporation, the default judgment, or the motion for new trial. It is also undisputed that Briggs
possessed no authority to act for Seacoast except as registered agent for service of process. In
particular, the parties agree that Briggs had no authority to engage Garvey to represent Seacoast
in connection with the motion for new trial that Garvey filed in Seacoast's behalf.

 On or about October 16, 1996, Seacoast discovered by chance the existence of the
default judgment. In May 1997 Seacoast sued LaCouture in the present cause to set aside the
default judgment rendered in cause number 96-03409. Seacoast's suit was given cause number
97-05423, the cause now before us in this appeal. LaCouture and Seacoast filed opposing motions
for summary judgment in cause number 97-05423. Judge Lora Livingston signed on December
7, 1999, a summary judgment that Seacoast take nothing by its bill of review, thus sustaining
LaCouture's motion while denying Seacoast's motion for such relief.(4) Seacoast has appealed on
three assignments of error.


BILLS OF REVIEW


 A bill of review is an independent action in equity brought by a party to a former
action to set aside a judgment rendered therein, which is not void on the face of the record and
which has become final by reason of the expiration of the periods allowed for motions for new trial
and appeals. See generally 5 McDonald Texas Civil Practice § 29:6, at 266-69 (1992). The
action is designed to prevent manifest injustices. French v. Brown, 424 S.W.2d 893, 895 (Tex.
1967). "The proceeding being equitable in nature, the courts may properly give consideration to
any circumstance which, being wholly beyond the control of the petitioner, presents a compelling
factual reason for re-examining the [former] judgment." 5 McDonald Texas Civil Practice
§ 29:15, at 293 (emphasis added). A bill-of-review proceeding is not, however, all sail and no
anchor. It is governed by rules designed to accommodate the competing public policy that
judgments must, at some point, become final. Alexander v. Hagedorn, 226 S.W.2d 996, 998
(Tex. 1950).

 The rules are familiar. The petitioner must allege and prove: (1) a meritorious
defense to the cause of action that produced the judgment assailed; (2) which the petitioner was
prevented from making by the fraud, accident, or wrongful act of the opposite party; (3) unmixed
with any fault or negligence on the petitioner's part. Id. 

 The second element is generally referred to as "extrinsic fraud," meaning a wrongful
act committed "by the other party to the suit," which prevented the petitioner from presenting his
case. Id. at 1001; State v. Wright, 56 S.W.2d 950, 952 (Tex. Civ. App.--Austin 1933, no writ). 
This element has been modified to the extent that where an officer or functionary of the court
supplies erroneous information or fails to perform a duty which prevents the filing of a motion for
new trial by the losing party in the former action, the petitioner for bill of review is excused from
complying with the second element of Hagedorn. Gracey v. West, 422 S.W.2d 913, 915-16 (Tex.
1968); Hanks v. Rosser, 378 S.W.2d 31, 34 (Tex. 1964). This "official mistake" exception to
Hagedorn requires that the petitioner allege and prove: (1) a meritorious defense to the former
action; (2) official misinformation or failure prevented the petitioner's interposing a meritorious
defense in a timely motion for new trial; (3) the failure to raise such defense was not intentional
nor the result of conscious indifference; and (4) no injury will result to the opponent by delay in
the trial. Petro-Chem. Transp., Inc. v. Carroll, 514 S.W.2d 240, 244 (Tex. 1974); cf. Craddock
v. Sunshine Bus Lines Inc., 133 S.W.2d 124, 126 (Tex. 1939). Whether Briggs or Garvey were
officers or functionaries of the court who made an official mistake is the sole and controlling issue
on appeal.


THE SUMMARY JUDGMENT


 Seacoast alleged its failure to raise its meritorious defenses, in the motion for new
trial filed in cause number 96-03409, was caused by the wrongful acts of Briggs, Seacoast's
registered agent for service of process, and Garvey, the corporation's putative attorney. 
Concerning Garvey, Seacoast alleged as follows:


Garvey, as an officer of the court, purported to make an appearance and file
pleadings on behalf of Seacoast. He did so under the mistaken belief that he was
authorized to represent Seacoast. The pleadings that he filed misstated the facts
relevant to Seacoast and mistakenly failed to raise meritorious arguments available
to Seacoast. These mistakes led directly to the denial of the motion for new trial
and the continued existence of the default judgment. But for Garvey's mistakes,
Seacoast would have learned of the judgment in time to present a motion for new
trial and the default judgment would have been set aside.


The mistakes by Garvey, an officer of the court, justify an order granting this bill
of review and setting aside the default judgment.



 LaCouture moved for summary judgment on one ground only: that Seacoast had
alleged no misconduct on LaCouture's part, but only misconduct by Briggs and Garvey; and they
were not opposite parties but rather Seacoast's own agent and attorney. And, LaCouture urged,
"[t]he fraudulent acts of one's own agent or lawyer which result in a default judgment do not
constitute 'extrinsic fraud' as a matter of law." Transworld Fin. Servs. Corp. v. Briscoe, 722
S.W.2d 407, 408 (Tex. 1987). This is the sole basis for the trial court judgment.

SEACOAST'S APPEAL


 In its first assignment of error, Seacoast contends the trial court erred in denying
the corporation's bill of review as a matter of law. Under that rubric, Seacoast contends
LaCouture's motion for summary judgment should have been denied and Seacoast's opposing
motion granted, based on the summary-judgment record showing wrongful conduct by Briggs as
registered agent and by Garvey as an officer of the court. We will sustain the assignment of error
as to Garvey but not as to Briggs. Consequently, we need not inquire concerning Seacoast's two
remaining assignments of error.

 Essential to the summary judgment recovered by LaCouture is the proposition that
Garvey was in fact Seacoast's attorney, thus bringing the case within the clear holding of
Transworld. The opposite is shown by the summary-judgment record. LaCouture agrees the
material facts are undisputed and does not quarrel with the statement in Seacoast's brief asserting
that "Briggs had absolutely no authority to retain counsel [Garvey] for Seacoast." And if Briggs
lacked such authority, we believe it follows as a matter of law that Garvey was never Seacoast's
"own lawyer" in the words of Transworld. We reason as follows:

 The relationship of attorney and client requires the agreement of both the attorney
and the client. Parker v. Carnahan, 772 S.W.2d 151, 156 (Tex. App.--Texarkana 1989, no writ). 
Nothing in the record shows such an agreement or contract between Seacoast and Garvey.(5) Far
from showing ratification of Briggs's unauthorized act of hiring Garvey to represent the
corporation, the undisputed evidence shows that Seacoast repudiated the act by engaging another
attorney on learning of the default judgment and motion-for-new-trial proceeding. See Heine v.
Schendel, 797 S.W.2d 278, 280 (Tex. App.--Corpus Christi 1990, writ ref'd n.r.e.). We hold,
therefore, that the record shows as a matter of law that Garvey was never Seacoast's attorney.

 We turn then to whether the record demonstrates as a matter of law an official
mistake by Garvey, as an officer of the court, that prevented Seacoast from presenting its
meritorious defenses on motion for new trial in the former action. See Baker v. Goldsmith, 582
S.W.2d 404, 407 (Tex. 1979). Although Garvey was not Seacoast's lawyer, he represented
Briggs and Cockerham in the former litigation and he was an officer of the court. "Attorneys are
officers of the Court. . . . As a result, the courts must always carefully examine every situation
involving members of the profession." Dow Chem. Co. v. Benton, 357 S.W.2d 565, 567 (Tex.
1962). It has been held without discussion that an attorney who undertakes to represent a litigant
without consent or authority need not be charged with fraud; the mere fact that the attorney acted
without authority is sufficient to set aside the former judgment. See Winfree v. Winfree, 195 S.W.
245, 249-50 (Tex. Civ. App.--Beaumont 1917, writ ref'd). We will add the following: because
Briggs had (without authority) engaged Garvey to represent Seacoast as well as Briggs and
Cockerham, Garvey came under a duty to obtain Seacoast's consent to that multi-client
arrangement. See Tex. Disciplinary R. Prof'l Conduct 1.08(e)(1), reprinted in Tex. Govt. Code
Ann. tit. 2, subtit. G app. A (West 1998) (Tex. State Bar R. art. X, § 9). This appears especially
to be the case in light of the adverse and hostile interests that arose between Briggs and Seacoast
owing to Briggs's failure to discharge the primary duty of a registered agent--notifying his
principal of the pending litigation.(6) See id. 1.06(b), (c); Triad Contractors, Inc. v. Kelly, 809
S.W.2d 683, 686 (Tex. App.--Beaumont 1991, writ denied). Had Garvey discharged these duties
properly, by disclosing the former litigation to Seacoast and obtaining the corporation's consent
to Garvey's acting as Seacoast's attorney, the corporation would necessarily have received actual
notice of the lawsuit pending against it and the existence of the default judgment. It is undisputed
that Garvey did not obtain Seacoast's consent before purporting to represent the corporation.

 We hold the trial court abused its discretion because the summary-judgment record
establishes, as a matter of law, that Seacoast was prevented from raising its meritorious defense,
in the motion-for-new-trial proceeding, by the failure of a court officer to discharge his duties. 
Cf. Petro-Chem. Transp., Inc., 514 S.W.2d at 244 (court clerk's failure to send notice required
by rule); Laredo v. Threadgill, 686 S.W.2d 734, 735 (Tex. App.--San Antonio 1985, no writ)
(court clerk's failure to send notice required by rule); Buddy "L," Inc. v. General Trailer Co., 672
S.W.2d 541, 544-45 (Tex. App.--Dallas 1984, writ ref'd n.r.e.) (opposing attorney's failure to
furnish petitioner's last-known address as required by rule).



 We therefore reverse the summary judgment in cause number 97-05423 and,
rendering the judgment the trial court should have rendered, vacate the judgment in cause number
96-03409. See Tex. R. App. P. 43.2(c).



 

 John E. Powers, Justice

Before Justices Jones, Patterson and Powers*

Reversed and Rendered

Filed: December 21, 2000

Do Not Publish


















* Before John E. Powers, Senior Justice, (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).

1. The purchaser of the Seacoast shares was a Virginia company named "Seacoast Power,
L.L.C." To avoid confusion, we do not name the purchaser in the text. The sale of the shares
changed only the ownership of the shares; the corporate status of Seacoast, the Texas corporation,
did not change.
2. Ronald W. Watkins and Peter C. Christman became the sole directors of Seacoast. The
new Seacoast officers were Watkins (president and secretary), Christman (vice-president and
treasurer), and Ivor Massey (vice-president).
3. The trial-court judgment ordered that LaCouture recover from Seacoast, Briggs, and
Cockerham, jointly and severally, over nineteen million dollars in damages and seven million
dollars in attorney's fees.
4. The summary judgment orders that Seacoast take nothing and that its suit be "dismissed
with prejudice." This is, of course, an oxymoron. See Abilene v. Young, 610 S.W.2d 816 (Tex.
Civ. App.--Eastland 1980, no writ). Because the record suggests no basis for a dismissal, we
construe the judgment to be simply a take-nothing judgment.
5. The general rule is that a corporation must authorize the hiring of an attorney by
resolution or other action of the board of directors; a corporate by-law or a board delegation of
the power to a corporate officer may, of course, provide to the contrary. See Square 67 Dev.
Corp. v. Red Oak State Bank, 559 S.W.2d 136, 138 (Tex. Civ. App.--Waco 1977, writ ref'd
n.r.e.). Nothing in the present case takes it out of the general rule for purposes of this litigation.
6. Garvey did not divulge, in the motion-for-new-trial proceeding, that Briggs had never
informed Seacoast of any aspect of the litigation in cause number 96-0345.


l Conduct 1.08(e)(1), reprinted in Tex. Govt. Code
Ann. tit. 2, subtit. G app. A (West 1998) (Tex. State Bar R. art. X, § 9). This appears especially
to be the case in light of the adverse and hostile interests that arose between Briggs and Seacoast
owing to Briggs's failure to discharge the primary duty of a registered agent--notifying his
principal of the pending litigation.(6) See id. 1.06(b), (c); Triad Contractors, Inc. v. Kelly
Tex. Rev. Civ. Stat. Ann. art. 4495b, al of the pending litigation.(6) See id. 1.06(b), (c); Triad Contractors, Inc. v. Kelly